UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS J. KINNALLY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GIGACLOUD TECHNOLOGY INC, LARRY LEI WU, KWOK HEI DAVID LAU, XIN WAN, FRANK LIN, XING HUANG, and AEGIS CAPITAL CORP.,<br><br>Defendants. | Case No. 1:23-cv-10684-JMF<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SASHI RAJAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| ROCK VILLANUEVA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GIGACLOUD TECHNOLOGY INC, LARRY LEI WU, KWOK HEI DAVID LAU, XIN WAN, FRANK LIN, XING HUANG, and AEGIS CAPITAL CORP.,<br><br>Defendants. | Case No. 1:23-cv-10645-JMF |

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 2
STATEMENT OF FACTS .......................................................................................................... 3
ARGUMENT ................................................................................................................................ 5
I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 5
II.    RAJAN SHOULD BE APPOINTED LEAD PLAINTIFF ................................................ 6
    A.    Rajan Is Willing to Serve as Class Representative .................................................. 7
    B.    Rajan Has the "Largest Financial Interest" in the Related Actions ........................ 8
    C.    Rajan Otherwise Satisfies the Requirements of Rule 23 ......................................... 9
    D.    Rajan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .................................................................................... 12
III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 12
CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aude v. Kobe Steel, Ltd.*,
 No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .............................9, 10

*Bassin v. Decode Genetics, Inc.*,
 230 F.R.D. 313 (S.D.N.Y. 2005) ..................................................................................................6

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
 252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................................................5

*Chahal v. Credit Suisse Grp. AG*,
 No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..............................8

*Dookeran v. Xunlei Ltd.*,
 No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................11

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................................11

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) .........................................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*,
 No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..........................8

*In re GE Sec. Litig.*,
 No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .................................5, 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ..................................................................................................12

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................................8

*In re Orion Sec. Litig.*,
 No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ....................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................10

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................................5

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ........................................................................................... 10

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................. 10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................... 12

*Kinnally*
    C.D. Cal. Action or *Villanueva* C.D. Cal. Action ................................................................. 8

*Klein v. Altria Group, Inc. et al*,
    No. 3:20-cv-00075 (E.D. Va.) ............................................................................................... 13

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................... 8

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ................................................................................................... 5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ...................... 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................................ 9

*Rock Villanueva v. GigaCloud Technology Inc et al*,
    No. 1:23-cv-10645 ................................................................................................................... 1

*Rock Villanueva v. GigaCloud Technology Inc et al*,
    No. 2:23-cv-09134 ........................................................................................................... 1, 7, 8

*Thomas J. Kinnally v. GigaCloud Technology Inc et al*,
    No. 1:23-cv-10684 ................................................................................................................... 1

*Thomas J. Kinnally v. GigaCloud Technology Inc et al*,
    No. 2:23-cv-08381 ........................................................................................................... 1, 7, 8

**Statutes**

15 U.S.C. § 77z-1 ........................................................................................................... *passim*

15 U.S.C. § 78u-4 ........................................................................................................ 1, 7, 8, 11

Private Securities Litigation Reform Act of 1995 ........................................................ 1, 2, 9, 11

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42 .........................................................................................................................1, 2, 5

Sashi Rajan ("Rajan") respectfully submits this memorandum of law in support of his motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions")[1]; (2) appointing Rajan as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired GigaCloud Technology Inc ("GigaCloud" or the "Company") (a) Class A ordinary shares pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's August 2022 initial public offering ("IPO" or the "Offering"), and/or (b) securities between August 18, 2022 and September 27, 2023, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

---

[1] On October 4, 2023, the action styled *Thomas J. Kinnally v. GigaCloud Technology Inc et al*, No. 2:23-cv-08381 was filed in the United States District Court for the Central District of California (the "*Kinnally* C.D. Cal. Action"). Then, on October 30, 2023, the action styled *Rock Villanueva v. GigaCloud Technology Inc et al*, No. 2:23-cv-09134 (the "*Villanueva* C.D. Cal. Action") was filed in United States District Court for the Central District of California. On November 22, 2023, the Honorable Sherilyn Peace Garnett of the United States District Court for the Central District of California entered orders transferring each of the Related Actions to this Court. *See Kinnally* C.D. Cal. Action, Dkt. No. 12; *Villanueva* C.D. Cal. Action, Dkt. No. 13. On December 6, 2023, the matter styled *Rock Villanueva v. GigaCloud Technology Inc et al*, No. 1:23-cv-10645 (the "*Villanueva* S.D.N.Y. Action") was opened in this Court. *See Villanueva* S.D.N.Y. Action, Dkt. No. 14. On December 7, 2023, the action styled *Thomas J. Kinnally v. GigaCloud Technology Inc et al*, No. 1:23-cv-10684 (the "*Kinnally* S.D.N.Y. Action") was opened in this Court. *See Kinnally* S.D.N.Y. Action, Dkt. No. 13.

PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants disseminated a materially false or misleading registration statement to investors in connection with the Company's IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act. GigaCloud investors, including Rajan, incurred significant losses following the disclosure of the Company's alleged wrongful conduct, which caused GigaCloud's share price to fall sharply, damaging Rajan and other GigaCloud investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the substantially the same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).   Pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or during the Class Period, Rajan purchased or otherwise acquired 86,100 GigaCloud shares, expended $1,355,885 on his transactions in GigaCloud securities, retained 107 of his GigaCloud shares, and, as a result of the disclosure of Defendants' alleged wrongful conduct, incurred losses of approximately $243,763.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl.") Exhibit ("Ex.") A. Accordingly, Rajan believes that he has the largest financial interest in the relief sought in the Related Actions.

2

Beyond his considerable financial interest, Rajan also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Rajan has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Rajan respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, GigaCloud is a holding company which, through its subsidiaries, offers an end-to-end ecommerce platform for global trade services of heavy and large products, primarily furniture. The Company's ecommerce platform, which it refers to as the "GigaCloud Marketplace," integrates discovery, payments and logistics tools to connect manufacturers, primarily in Asia, with resellers, primarily in the U.S., Asia and Europe, to execute cross-border transactions, then executes delivery and sale through a network of warehouses up to and including last-mile delivery to the customer.

On August 19, 2022, the Company filed its prospectus on Form 424B4 with the United States Securities and Exchange Commission, which forms part of the Registration Statement. In the IPO, the Company sold 3,381,000 Class A ordinary shares at $12.25 per share. The Company received net proceeds of approximately $34.2 million from the IPO. The proceeds

from the IPO were purportedly to be used for general corporate purposes, including working capital, operating expenses, and capital expenditures.

On September 28, 2023, before the market opened, Culper Research published a report titled "GigaCloud Technology Inc (NASDAQ:GCT): If It's Too Good To Be True..." (the "Report"), alleging "numerous glaring flaws" in GigaCloud's public reporting.  For example, the Report stated that while GigaCloud "claims to run 14 U.S. warehouses," the Company "discloses just 73 employees in the entire U.S., implying just 5 employees per warehouse."  The Report also alleged that "GigaCloud's marketing materials utilize photoshopped stock photos to portray itself as a highly efficient, growing operation," but that Culper Research's investigators visited some of the Company's warehouses and discovered little activity.  Further, the Report alleges that Culper Research uncovered "numerous entities which are neither named subsidiaries nor disclosed as GCT related parties" whose conduct at the very least "suggests undisclosed related party issues."

On this news, the Company's share price fell $1.78, or more than 18%, to close at $7.69 per share on September 28, 2023, on unusually heavy trading volume.

By the commencement of the Related Actions, GigaCloud's shares have closed as low as $4.27 per share, a 65% decline from the $12.25 per share IPO price.

In the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that the Company's business is a fraction of what it publicly claims, as evidenced by staffing and activity levels at its warehouses; (2) that the Company overstated its last-mile operations; (3) that the Company engaged in undisclosed related party transactions; (4)

4

that, as a result, the Company's financial results were overstated; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Rajan and other Class members have suffered significant losses and damages.

ARGUMENT

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-3 (S.D.N.Y. July 29,

5

2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law and fact. Each action is brought against the Company, as well as certain officers of the Company, in connection with violations of the Securities and Exchange Acts. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of GigaCloud's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II. RAJAN SHOULD BE APPOINTED LEAD PLAINTIFF

Rajan should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any

motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Rajan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.   Rajan Is Willing to Serve as Class Representative

On October 5, 2023, counsel for the plaintiff in the *Kinnally* C.D. Cal. Action caused the statutorily required Notice to be published over *Business Wire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against GigaCloud and other defendants, and which advised investors in GigaCloud securities that they had 60 days from the date of the Notice's publication—*i.e.*, until December 4, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.[2]

---

[2] Pursuant to the Notice, Rajan timely filed a motion on December 4, 2023 seeking consolidation of the *Kinnally* C.D. Cal. Action and *Villanueva* C.D. Cal. Action, appointment as lead plaintiff,

7

Rajan has filed the instant motion pursuant to this Court's Lead Plaintiff Orders and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl. Ex. C. Accordingly, Rajan satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.  Rajan Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). To the best of his knowledge, Rajan has the largest financial interest of any GigaCloud investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[3] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)

---

and approval of selection of lead counsel. *See Kinnally* C.D. Cal. Action, Dkt. No. 20. Then, on December 15, 2023, this Court entered orders (the "Lead Plaintiff Orders") in each of the Related Actions extending the deadline to seek appointment as lead plaintiff to December 22, 2023 and directing that "[a]ll movants who filed motions on the [*Kinnally* C.D. Cal. Action or *Villanueva* C.D. Cal. Action] dockets [. . .] shall re-file their motions on this District's dockets for [the Related Actions]." *See Kinnally* S.D.N.Y. Action, Dkt. No. 20; *Villanueva* S.D.N.Y. Action, Dkt. No. 23.

[3] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

Pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and/or during the Class Period, Rajan: (1) purchased 86,100 GigaCloud shares; (2) expended $1,355,885 on his transactions in GigaCloud securities; (3) retained 107 of his GigaCloud shares; and (4) as a result of the disclosure of Defendants' alleged wrongful conduct, incurred losses of approximately $243,763 in connection with his transactions in GigaCloud securities.  *See* Lieberman Decl., Ex. A.  To the extent that Rajan possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

C.     Rajan Otherwise Satisfies the Requirements of Rule 23

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085

9

(VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the Complaints in the Related Actions sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Rajan.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Rajan's claims are typical of those of the Class. Rajan alleges, like all Class members, that Defendants violated the federal securities laws by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning GigaCloud. Rajan, like other Class members, purchased or otherwise acquired GigaCloud Class A ordinary shares pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or

10

GigaCloud securities during the Class Period, at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove GigaCloud's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Rajan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Rajan's interests and the interests of the Class. Moreover, Rajan has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Rajan demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Rajan has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps

11

that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

> D. Rajan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Rajan as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Rajan's ability and desire to fairly and adequately represent the Class has been discussed above. Rajan is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Rajan should be appointed Lead Plaintiff for the Class.

III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See id.* §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Rajan has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See* Lieberman Decl., Ex. E.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Rajan's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Rajan's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Rajan respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Rajan as Lead Plaintiff for the Class; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated: December 22, 2023                    Respectfully submitted,

                                                        POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Sashi Rajan and*
*Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Sashi Rajan*

14