UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 1:23-cv-10645-JMF<br><br>**CLASS ACTION**<br><br>ALL ACTIONS |

### JOINDER AND MEMORANDUM OF LAW IN SUPPORT OF ZHIWU CHEN'S MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
Hanyu (Iris) Xie
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

*Attorneys for GigaCloud Technology Inc,
Larry Lei Wu, Xin Wan, and Kwok Hei David
Lau, and Zhiwu Chen*

Defendant Zhiwu Chen, Ph.D. respectfully joins in the motion to dismiss the SAC (ECF No. 88) filed by GigaCloud, Larry Lei Wu, Xin Wan, Kwok Hei David Lau, and Aegis on August 9, 2024 (ECF No. 95, the "Motion").[1] Dr. Chen moves separately to dismiss the two Securities Act claims against him pursuant to Fed. R. Civ. P. 12(b)(2): as an independent foreign director not alleged to have signed or otherwise involved in preparing GigaCloud's Registration Statement—the only public filing on which Plaintiffs' Securities Act claims are (and can be) predicated—he is not subject to this Court's personal jurisdiction. *See* ECF No. 100.

Dr. Chen is a professor of finance at the University of Hong Kong and an internationally renowned scholar in economic policy.[2] Throughout the relevant period, Dr. Chen was an independent director of GigaCloud and resided in Hong Kong. ¶ 26; ECF No. 69. The SAC is otherwise devoid of *any* allegation specific to Dr. Chen, including as to what he did or said as an independent director. Dr. Chen did not sign the Registration Statement.[3]

The SAC asserts two claims against Dr. Chen: (i) a Section 11 claim based on allegedly false statements in the Registration Statement; and (ii) a Section 15 claim for control person liability. ¶¶ 26-29, 191, 197-99. Plaintiffs bear the burden of pleading "fact-specific jurisdictional allegations" to establish jurisdiction over Dr. Chen for these claims. *SPV OSUS Ltd. v. UBS AG*,

---

[1] Any terms not defined herein have the same meaning as in the Motion. Unless otherwise indicated herein, all internal citations and quotation marks are omitted, and emphasis is added.

[2] Prof. Zhiwu Chen, HKU BUSINESS SCHOOL, https://www.hkubs.hku.hk/people/zhiwu-chen/ (last accessed Aug. 21, 2024); *see also* GigaCloud Prospectus at 185-87, filed August 19, 2022 with the SEC, https://www.sec.gov/Archives/edgar/data/1857816/000119312522224561/d160437d424b4.htm (last accessed Aug. 21, 2024). The Court may take judicial notice of information that is "publicly available." *See New York v. Arm or Ally, LLC*, 2024 WL 756474, at *8 (S.D.N.Y. Feb. 23, 2024) (Furman, J.).

[3] GigaCloud Registration Statement, filed August 17, 2022 with the SEC, https://www.sec.gov/Archives/edgar/data/1857816/000119312522223342/d389457df1mef.htm (last accessed Aug. 21, 2024).

1

114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  A court may exercise specific jurisdiction "when a defendant has purposefully directed his activities toward the forum and the litigation arises out of or is related to the defendant's contact with the forum." *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 466-67 (S.D.N.Y. 2008), *aff'd sub nom. State Universities Ret. Sys. of Ill. v. Astrazeneca PLC*, 334 F. App'x 404 (2d Cir. 2009).  In a securities action, "[a] person's status as a board member is not alone sufficient to establish jurisdiction." *Id.* (finding no personal jurisdiction over foreign directors alleged to "frequently travel[] to [the United States]").  Here, the SAC falls far short of alleging either type of personal jurisdiction over Dr. Chen.

**No general jurisdiction**.  As a Hong Kong domiciliary, *see* ECF No. 69, Dr. Chen did not, and is not alleged to, live or work in the United States during any of the relevant period.  *See Rex & Roberta Ling Living Tr. U/A Dec. 6, 1990 v. B Commc'ns Ltd.*, 2019 WL 1407453, at *6 (S.D.N.Y. Mar. 28, 2019) (no general jurisdiction when "[t]he record . . . contains no basis for" such conclusion).

**No specific jurisdiction**.  The SAC also fails to allege sufficient "suit-related" contacts by Dr. Chen that "created a substantial connection with the forum" to support specific jurisdiction.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The 451-paragraph SAC discusses Dr. Chen's role with the Company in exactly one sentence: he served as an independent director "when the Registration Statement became effective." ¶ 26.[4]  Plaintiffs do not and cannot allege that Dr. Chen

---

[4] *See also* GigaCloud Prospectus at 185-87, filed August 19, 2022 with the SEC, https://www.sec.gov/Archives/edgar/data/1857816/000119312522224561/d160437d424b4.htm (last accessed Aug. 21, 2024) ("Zhiwu Chen . . . satisf[ies] the 'independence' requirements of the Rule 5605(c)(2) of the Nasdaq Stock Market Listing Rules and meets the independence standards under Rule 10A-3 under the Exchange Act.").

signed—or otherwise drafted or prepared—the Registration Statement, *see generally* SAC, for the Registration Statement itself confirms that he was not a signatory.[5] *See Wilder v. News Corp.*, 2015 WL 5853763, at *12-13 (S.D.N.Y. Oct. 7, 2015) (no specific jurisdiction over director where plaintiffs fail to "plead facts" that he "drafted, reviewed, authorized and/or disseminated" issuer's press releases containing challenged statements); *Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 801-02 (S.D.N.Y. 2018) (no specific jurisdiction over senior executive of issuer absent allegation that he signed any of issuer's challenged SEC filings or was involved in preparing them); *In re EHang Holdings Ltd. Sec. Litig.*, 646 F. Supp. 3d 443, 458 (S.D.N.Y. 2022) (no specific jurisdiction over former foreign director and co-founder when "Plaintiffs do not allege that [he] played any role in making, proposing, editing, or approving [issuer]'s SEC filings" except for one unrelated filing not alleged to be fraudulent); *Rex & Roberta*, 2019 WL 1407453, at *7 (similar); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 769-70 (S.D.N.Y. 2017) (declining to exercise jurisdiction over majority shareholder that had veto power over issuer's corporate actions, and holding that "a conclusory statement that a foreign defendant caused an issuer to mak[e] false and misleading filings is not enough to support personal jurisdiction").

Plaintiffs' residual attempt to lump Dr. Chen together with seven other "Individual Securities Act Defendants" (¶ 29) similarly fails. The SAC conclusorily asserts that these defendants *collectively* "had the power to, and did," "direct or cause the direction of the management, policies, and actions of GigaCloud and its employees," ¶ 198, and/or "control the decision-making of GigaCloud," including for the Registration Statement, ¶ 199. But these group-pleading allegations are insufficient to support jurisdiction as a matter of law, because "[e]ach

---

[5] GigaCloud Registration Statement, filed August 17, 2022 with the SEC, https://www.sec.gov/Archives/edgar/data/1857816/000119312522223342/d389457df1mef.htm (last accessed Aug. 21, 2024).

3

defendant's contacts with the forum . . . must be assessed individually." *Tera Grp., Inc. v. Citigroup, Inc.*, 2018 WL 4732426, at *3 (S.D.N.Y. Sept. 28, 2018) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984)); *see also HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 2021 WL 918556, at *15 (S.D.N.Y. Mar. 10, 2021) ("In relying only on group pleadings, in which it conflates multiple parties and fails to provide specific allegations, plaintiff neglects its burden of establishing personal jurisdiction over each defendant."); *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 233 (S.D.N.Y. 2019) ("Allegations in the form of a group pleading are insufficient, even for affiliated corporate entities.").

For the foregoing reasons, Dr. Chen respectfully requests that the SAC be dismissed with respect to him with prejudice.

Dated: August 21, 2024
       New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ Jason C. Hegt
Jeff G. Hammel
Jason C. Hegt
Hanyu (Iris) Xie
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  jeff.hammel@lw.com
Email:  jason.hegt@lw.com
Email:  iris.xie@lw.com
Email:  larry.hong@lw.com

*Attorneys for GigaCloud Technology Inc, Larry Lei Wu, Xin Wan, Kwok Hei David Lau, and Zhiwu Chen*

4