UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | <u>ORAL ARGUMENT REQUESTED</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ZHIWU CHEN'S MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION <u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

Lead Plaintiffs Sashi Rajan and Meir Spear ("Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants Zhiwu Chen's motion to dismiss the Second Amended Class Action for lack of personal jurisdiction (the "Chen Motion") (ECF No. 106).[1]

## I.    Chen's Liability for Misrepresentations in the Registration Statement is Clear.

The SAC asserts non-fraud claims under the Securities Act of 1933 ("Securities Act") against Chen, among other defendants, for false or misleading statements in the Registration Statement for GigaCloud's IPO. ¶¶186-202. Section 11 of the Securities Act provides that any person acquiring a security pursuant to a materially false or misleading registration statement may sue, among others, "every person who was a director of . . . the issuer" and "every person who, with his consent, is named in the registration statement as being or about to become a director." 15 U.S.C. § 77k(a)(2), (3). Chen was a director of the Company when the Registration Statement became effective (¶26), pursuant to his consent to be appointed a director and to be named as such as in the Registration Statement (Park Decl., Ex. 3 at 181 and Ex. 4).[2] Thus, Chen's liability for material misrepresentations in the Registration Statement is clear.

---

[1] Capitalized terms have same meaning as in the Second Amended Complaint ("SAC") (ECF No. 88). "¶__" references are to paragraphs of the SAC.  Unless otherwise noted, emphases are added and internal citations and quotations are omitted. "Park Decl." refers to the Declaration of Jonathan D. Park, filed herewith.

[2] The SAC "make[s] a clear, definite and substantial reference to the" Registration Statement, as it forms the basis of Plaintiffs' claims under the Securities Act, and thus it may be considered on a motion to dismiss. *In re Chembio Diagnostics, Inc. Sec. Litig.*, 586 F. Supp. 3d 199, 215 (E.D.N.Y. 2022). However, the Court may not take notice of the dynamic webpage cited in (but not attached to) the Chen Motion (at 1 n.2), which though "publicly available" is not a "public disclosure document[] required by law to be filed, and actually filed, with the SEC." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (cited in *New York v. Arm or Ally, LLC*, 2024 WL 756474, at *8 (S.D.N.Y. Feb. 23, 2024)).

**II.      Chen Is Subject to This Court's Jurisdiction.**

Chen contends that, nevertheless, the Court lacks personal jurisdiction over him. When evaluating a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a *prima facie* showing that the Court has such jurisdiction over the defendant. *SEC v. Hurgin*, 484 F. Supp. 3d 98, 108 (S.D.N.Y. 2020). "In evaluating whether the requisite showing has been made, the Court must construe the pleadings and any supporting materials in the light most favorable to the plaintiff." *Id.*

"For the Court to exercise personal jurisdiction over a defendant, it must have a statutory basis for asserting jurisdiction over [the] defendant, and the exercise of jurisdiction must satisfy the constitutional requirements of due process." *Id.* at 113. "Due process requires sufficient 'minimum contacts' with the forum." *Id.* "Where the claim arises out of, or relates to, the defendant's contacts with the forum—i.e., specific jurisdiction is asserted—minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed himself of the privilege of doing business in the forum and could foresee being haled into court there." *Id.*

Here, the pleadings and supporting materials establish Chen's purposeful availment. Chen explicitly accepted appointment as a director of a public company in connection with its offering of securities on a United States exchange, and executed a letter stating that, "[p]ursuant to Rule 438 promulgated under the Securities Act of 1933, as amended, I hereby consent to the references of my name in the Registration Statement on Form F-1 . . . of GigaCloud Technology Inc . . . , and any amendments thereto, which indicate that I have accepted my appointment as a director of the Company." Park Decl., Ex. 4. As the letter itself anticipated, the letter was filed by GigaCloud as an attachment to the Registration Statement, and thus formed "part of the allegedly misleading . . . materials that form the basis for [Plaintiffs'] claims." *Hurgin*, 484 F.Supp.3d at 115.

Chen's consent letter clearly evinces his intent that he be identified as a director of GigaCloud in a registration statement to be filed with the SEC for the offering of GigaCloud stock to US investors. Indeed, it explicitly references SEC Rule 438, which provides that "[i]f any person who has not signed the registration statement is named therein as about to become a director, the written consent of such person shall be filed with the registration statement." 17 C.F.R. § 230.438. Thus, Chen "must have known that the [Registration] Statement was released in connection with a . . . stock offering designed to attract American investment." *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 305-06 (E.D.N.Y. 2002). "There is no clearer example of purposeful availment of the privilege of doing business in the United States than this." *Id.* at 306.

"Moreover, [Chen] could foresee being haled into this Court in connection with his role in" GigaCloud's IPO, *Hurgin*, 484 F. Supp. 3d at 115, for the additional reason that GigaCloud's articles of incorporation, which were also filed as an exhibit to the Registration Statement, provide that *this Court* (or, if this Court lacks subject matter jurisdiction, the state courts in New York County) "shall be the exclusive forum within the United States for the resolution of any complaint asserting a cause of action arising out of or relating in any way to the federal securities laws of the United States," ¶6.

That Chen claims to reside in Hong Kong does not deprive the Court of jurisdiction, as "[i]t is blackletter law that a defendant who has availed himself of the privilege of conducting business in a forum cannot avoid jurisdiction 'merely because [he] did not physically enter the forum State.'" *Hurgin*, 484 F. Supp. at 114–15. Indeed, whether Chen resides in Hong Kong and not the U.S. is unclear, as Chen repeatedly listed GigaCloud's U.S. address on his SEC filings disclosing his transactions in GigaCloud stock. Park Decl., Ex. 5.

Despite advancing a broad rule that would insulate foreign-domiciled directors of U.S.-listed companies from liability for false or misleading registration statements for U.S. securities offerings, Chen does not cite a single court holding that it lacked personal jurisdiction to hear Securities Act claims against the director of a U.S.-listed issuer at the time of a registered offering. To the extent Chen's authorities address securities claims at all, they pertain to fraud claims under the Securities Exchange Act of 1934 ("Exchange Act") or state law, and thus do not govern Plaintiffs' non-fraud claims against Chen.[3]

As Plaintiffs have "ma[de] a threshold showing of minimum contacts, [Chen] must show that the exercise of jurisdiction is nonetheless unreasonable" in order to escape jurisdiction. *Hurgin*, 484 F. Supp. 3d at 113-14. Chen does not make any argument that the Court's exercise of jurisdiction over him would be unreasonable, and thus concedes the issue. The Court may exercise personal jurisdiction over Chen.

For the foregoing reasons, the Court should deny the Chen Motion.

Dated: October 8, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jonathan D. Park*
Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

---

[3] *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161 (S.D.N.Y. 2015) (state law claims for aiding and abetting fraud, among other claims), *aff'd*, 882 F.3d 333 (2d Cir. 2018); *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453 (S.D.N.Y. 2008) (fraud claims under Section 10(b) of the Exchange Act), *aff'd sub nom. State Universities Ret. Sys. of Ill. v. Astrazeneca PLC*, 334 F. App'x 404 (2d Cir. 2009); *Rex & Roberta Ling Living Tr. U/A Dec. 6, 1990 v. B Commc'ns Ltd.*, 2019 WL 1407453 (S.D.N.Y. Mar. 28, 2019) (same); *Wilder v. News Corp.*, 2015 WL 5853763 (S.D.N.Y. Oct. 7, 2015) (same); *Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786 (S.D.N.Y. 2018) (same*); In re EHang Holdings Ltd. Sec. Litig.*, 646 F. Supp. 3d 443 (S.D.N.Y. 2022) (same); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731 (S.D.N.Y. 2017) (same).

Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel for Co-Lead Plaintiff Sashi Rajan and Co-Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Sashi Rajan*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Co-Lead Plaintiff Meir Spear and Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Meir Spear*

5