**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | **Case No. 1:23-cv-10645-JMF-GS** |
| | <u>**CLASS ACTION**</u> |
| THIS DOCUMENT RELATES TO: | **ALL ACTIONS** |
| ALL ACTIONS | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ZHIWU CHEN'S**
**MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**
<u>**FOR LACK OF PERSONAL JURISDICTION**</u>

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
Hanyu (Iris) Xie
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

*Attorneys for GigaCloud Technology Inc,*
*Larry Lei Wu, Xin Wan, Kwok Hei David Lau,*
*and Zhiwu Chen*

Plaintiffs' Securities Act claims fail against Dr. Chen for the same reasons they fail against the Moving Defendants (ECF No. 95) and the Court need not reach personal jurisdiction.[1] *See In re China Organic Sec. Litig.*, 2013 WL 5434637, at *12 (S.D.N.Y. Sept. 30, 2013) (Furman, J.). However, the SAC's failure to plead personal jurisdiction over Dr. Chen does provide an independent basis for dismissal of the claims against him.

In their Opposition to Dr. Chen's joinder, Plaintiffs concede that Dr. Chen was an independent director who resides outside the U.S. and did not sign or prepare the Registration Statement. ECF No. 109 ("Joinder Opp.") at 1-3; ECF No. 106 ("Joinder Mot.") at 2-3; ¶ 26.[2] The parties agree that there is no general jurisdiction over Dr. Chen. Joinder Opp. 1-4; Joinder Mot. at 2. Nevertheless, Plaintiffs argue that this Court may exercise specific jurisdiction over Dr. Chen because (1) he "accepted appointment as a director of a public company in connection with" its securities offering in the United States; (2) he executed a letter consenting to be named as a director in the Registration Statement; (3) GigaCloud's articles of incorporation provide that *GigaCloud* consents to the jurisdiction of this Court for certain disputes under federal securities law; and (4) Dr. Chen "listed GigaCloud's U.S. address on his SEC filings."[3] Joinder Opp. at 1-3. Whether "considered together or in isolation," these allegations fall short of the requisite "minimum contacts" to support specific jurisdiction. *Diaz v. Kroger Co.*, 2019 WL 2357531, at *6-7 (S.D.N.Y. June 4, 2019).

---

[1] Any terms not defined herein have the same meaning as in the Motion. Unless otherwise indicated herein, all internal citations and quotation marks are omitted, and emphasis is added.

[2] Plaintiffs offer no response that their group pleading with respect to Dr. Chen and seven other "Securities Act Defendants" (¶ 29) is insufficient to support jurisdiction. Joinder Mot. at 3-4 (citing cases).

[3] Dr. Chen's Form 4 filings list "C/O"—i.e., care of—GigaCloud's U.S. address. ECF No. 110-3.

1

*First*, it is black letter law that "[a] person's status as a board member is not alone sufficient to establish jurisdiction." *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008), *aff'd sub nom. State Universities Ret. Sys. of Illinois v. Astrazeneca PLC*, 334 F. App'x 404 (2d Cir. 2009). Rather, "jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Charas v. Sand Tech. Sys. Int'l*, Inc., 1992 WL 296406, at *4 (S.D.N.Y. Oct. 7, 1992). This principle applies universally, including to claims under both the Securities Act and the Exchange Act. *See* Joinder Mot. 2-4; *Charas*, 1992 WL 296406, at *5 (no jurisdiction over foreign director who "did not sign the registration statements at issue" for Securities Act and Exchange Act claims).[4] Plaintiffs' observation that directors are one of the enumerated categories of individuals that *could be* held liable under Section 11 (Joinder Opp. 1) does not address the threshold question of which directors are subject to personal jurisdiction in the United States.

*Second*, Plaintiffs likewise do not cite a single case holding that signing the required consent agreeing to become a director (*see* 17 C.F.R. § 230.438) automatically subjects the director to jurisdiction for claims about a Registration Statement he did not sign for a company of which he was not yet a director. Each of Plaintiffs' cases involve individuals who (unlike Dr. Chen) *signed* the allegedly misleading statements at issue. *See* Joinder Opp. 2-3 (citing *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 305-06 (E.D.N.Y. 2002) (finding jurisdiction over General Counsel who signed the registration statement); *Sec. & Exch. Comm'n v. Hurgin,* 484 F. Supp. 3d

---

[4] Plaintiffs attempt to distinguish Dr. Chen's cited legal authorities by arguing that they "pertain to fraud claims under the . . . Exchange Act" (Joinder Opp. 4 & n.3), but offer no basis to suggest that personal jurisdiction somehow operates differently under these two provisions of federal securities laws—and there is none.

98, 115-16 (S.D.N.Y. 2020) (finding jurisdiction over foreign officer who "was involved in the merger and signed documents filed with the Commission")).

*Third*, Plaintiffs argue, without citation, that "[Dr. Chen] could foresee being haled into this Court" because of the forum selection clause in GigaCloud's articles of incorporation. Joinder Opp. at 3. However, the fact that *GigaCloud* may have consented to this Court's jurisdiction for certain disputes says nothing about whether Dr. Chen could foresee *himself* being subject to this Court's jurisdiction. *See Beskrone v. Berlin,* 656 F. Supp. 3d 496, 513-15 (S.D.N.Y. 2023) (officer not subject to personal jurisdiction based on forum selection clause in document signed by company).

*Fourth*, the fact that Dr. Chen "listed GigaCloud's U.S. address" (*see* Joinder Opp. at 3) in a form filed with the SEC—22 months *after* the publication of the Registration Statement he never signed—rather than publicly disclosing his home address likewise does not create personal jurisdiction. *Charas*, 1992 WL 296406, at *4 (no personal jurisdiction for securities claims against foreign director based on U.S. contacts months after relevant statements).

For the foregoing reasons, Dr. Chen respectfully requests that the SAC be dismissed with respect to him with prejudice.

Dated: November 7, 2024
      New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ Jason C. Hegt
Jeff G. Hammel
Jason C. Hegt
Hanyu (Iris) Xie
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  jeff.hammel@lw.com
Email:  jason.hegt@lw.com
Email:  iris.xie@lw.com
Email:  larry.hong@lw.com

*Attorneys for GigaCloud Technology Inc,
Larry Lei Wu, Xin Wan, Kwok Hei David
Lau, and Zhiwu Chen*

4