UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | Case No. 1:23-cv-10645-JMF |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | This Document Relates to: All Actions |
| ALL ACTIONS | |

**DEFENDANT AEGIS CAPITAL CORP.'S ANSWER TO
THE SECOND AMENDED CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendant Aegis Capital Corp. ("Aegis"), by and through its undersigned counsel, hereby answers and asserts defenses to the Second Amended Class Action Complaint For Violations Of The Federal Securities Laws (the "SAC") filed by Co-Lead Plaintiffs Sashi Rajan and Meir Spear (collectively, the "Plaintiffs"). Aegis reserves the right to amend this Answer, to amend, modify, or supplement its defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation, including any defenses that may arise as a result of any findings, conclusions, or other action taken.

**RESPONSES TO NUMBERED PARAGRAPHS**

In responding to the Complaint's allegations, Aegis denies each and every allegation of the SAC except as explicitly admitted herein and, in all events, intends to respond only as to allegations directed at Aegis individually. Aegis should not be deemed to be responding to allegations that are directed solely to other defendants, or responding to allegations concerning alleged misstatements regarding GigaCloud Technology Inc.'s ("GigaCloud") marketplace activities, which the Court has dismissed in its Opinion and Order, filed on January 27, 2025. *See* ECF No. 117 at 20.

To the extent that the paragraphs in the SAC are grouped under headings and subheadings, Aegis responds generally that the headings and subheadings do not constitute factual averments. To the extent that a response is deemed necessary, Aegis denies each and every heading and subheading in the SAC.

Undefined capitalized terms used herein maintain the same definitions as in the SAC, and the numbered paragraphs below correspond to the like-numbered paragraphs in the SAC.

Aegis further responds to the specific allegations as follows:

## NATURE OF THE ACTION

1. Paragraph 1 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them, including that this case is appropriate for class action treatment.

2. Paragraph 2 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them, including that this case is appropriate for class action treatment, except admits that GigaCloud filed a registration statement on Form F-1 with the SEC on July 8, 2022 and, as amended, declared effective on August 17, 2022, and that the Registration Statement was filed in connection with the IPO of GigaCloud's Class A ordinary shares. Aegis further admits that an Issuer Free Writing Prospectus was filed with the SEC on August 2, 2022 and that the Prospectus, on Form 424B4, dated August 17, 2022, was filed with the SEC on August 19, 2022.

3. Paragraph 3 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to

require a response, Aegis denies them, including that this case is appropriate for class action treatment.

## JURISDICTION AND VENUE

4.      Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Aegis denies the allegations in Paragraph 4, except admits that Plaintiffs purport to bring this action under the statutes cited therein.

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Aegis denies the allegations in Paragraph 5, except admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein.

6.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, Aegis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, except admits that Aegis conducts business in this Judicial District.

7.      Aegis denies the allegations in Paragraph 7.

## SECURITIES ACT CLAIMS

### I.      INTRODUCTION

8.      Paragraph 8 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, Aegis denies them.

9.      Paragraph 9 contains Plaintiffs' characterizations of statements made by Defendant GigaCloud and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

10.      Paragraph 10 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a

response, Aegis denies the allegations in Paragraph 10.  Aegis further states that the allegations in Paragraph 10 purport to characterize statements made by Defendant GigaCloud and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

11.    Paragraph 11 contains Plaintiffs' characterizations and/or legal conclusions regarding the Registration Statement as to which no response is required.  To the extent a response is required, Aegis denies them.  Aegis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.    The Court has dismissed allegations regarding GigaCloud's marketplace activities, and thus no response to those allegations in Paragraph 12 is required. *See* ECF No. 117 at 20. Aegis denies the remaining allegations in Paragraph 12.

13.    Paragraph 13 contains Plaintiffs' characterizations and/or legal conclusions regarding the Registration Statement as to which no response is required.  To the extent a response is required, Aegis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.    Paragraph 14 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  Aegis further states that the allegations in Paragraph 14 purport to characterize statements made by Defendant GigaCloud and respectfully refers the Court to the Registration Statement for a complete and accurate description of its contents.

15.    Aegis denies the allegations in Paragraph 15.

16.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Aegis denies the allegations in Paragraph 18.

## II.    PARTIES

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Aegis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, except respectfully refers the Court to Plaintiffs' certifications for a complete and accurate description of their contents.

20.     Aegis admits the allegations in Paragraph 20.

21.     Aegis admits that Larry Lei Wu ("Wu") was GigaCloud's founder, Chief Executive Officer, and Chairman of the Board of Directors at the time of the IPO, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Wu's positions held at GigaCloud.

22.     Aegis admits that Kwok Hei David Lau ("Lau") was GigaCloud's Chief Financial Officer and a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Lau's positions held at GigaCloud.

23.     Aegis admits that Xin Wan ("Wan") was GigaCloud's Chief Technology Officer and a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Wan's positions held at GigaCloud.

24.     Aegis admits that Frank Lin ("Lin") was a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the

Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Lin's positions held at GigaCloud.

25.    Aegis admits that Xing Huang ("Huang") was a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Huang's positions held at GigaCloud.

26.    Aegis admits that Zhiwu Chen ("Chen") was a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Chen's positions held at GigaCloud.

27.    Aegis admits that Binghe Guo ("Guo") was a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Guo's positions held at GigaCloud.

28.    Aegis admits that Thomas Liu ("Liu") was a GigaCloud Director when the Registration Statement became effective, and otherwise respectfully refers to the Court to the Registration Statement and GigaCloud's other filings with the SEC for a complete and accurate description of Liu's positions held at GigaCloud.

29.    Paragraph 29 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required.

30.    Aegis admits that Aegis Capital Corp. was an underwriter in the IPO, and respectfully refers the Court to the Offering Documents for a complete and accurate description of Aegis Capital Corp.'s role and the allocation of GigaCloud's Class A ordinary shares in the IPO.

31.     Paragraph 31 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required.

32.     Paragraph 32 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required.

## III.     RELEVANT NON-PARTIES

33.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies them.

40.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

## IV. UNDERWRITER LIABILITY ALLEGATIONS FOR THE SECURITIES ACT CLAIMS

42. Paragraph 42 contains Plaintiffs' defined terms, characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them.

43. Aegis denies the allegations in Paragraph 43, except admits that Aegis Capital Corp. was an underwriter in GigaCloud's IPO. Aegis respectfully refers the Court to the Offering Documents for a complete and accurate description of Aegis Capital Corp.'s role in the IPO and the fees earned thereon.

44. Aegis denies the allegations in Paragraph 44, except admits that Aegis entered into an agreement with GigaCloud and respectfully refers the Court to the agreement for a complete and accurate description of the referenced provisions.

45. Aegis admits that Aegis Capital Corp. was an underwriter in GigaCloud's IPO, and respectfully refers the Court to the Offering Documents for a complete and accurate description of Aegis Capital Corp.'s role in the IPO. Except as expressly admitted, Aegis states that Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Aegis denies the remaining allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Aegis denies the allegations in Paragraph 46, except admits that Aegis was an underwriter in GigaCloud's IPO. Aegis otherwise respectfully refers the Court to the Offering Documents for a complete and accurate description of Aegis Capital Corp.'s role in the IPO.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Aegis denies the allegations in Paragraph 47, except admits that

Aegis was an underwriter in GigaCloud's IPO, and respectfully refers the Court to the Offering Documents for a complete and accurate description of Aegis Capital Corp.'s role in the IPO.

## V. SUBSTANTIVE ALLEGATIONS SHOWING THAT THERE WERE MATERIALLY FALSE AND MISLEADING STATEMENTS IN GIGACLOUD'S REGISTRATION STATEMENT.

### A. Background of GigaCloud and Its IPO

48. Paragraph 48 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.

49. Paragraph 49 contains Plaintiff's characterizations of statements made by Defendant GigaCloud and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

50. Paragraph 50 contains Plaintiff's characterizations of statements made by Defendant GigaCloud and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

51. Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52. Paragraph 52 contains Plaintiffs' characterizations as to which no response is required. Aegis further states that the allegations in Paragraph 52 purport to quote statements made in a draft registration statement, and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

### B. GigaCloud Falsely Claimed That It Used AI and Machine Learning in Its Logistics.

#### 1. Definitions of Artificial Intelligence and Machine Learning

53. Paragraph 53 contains Plaintiffs' characterizations as to which no response is required. To the extent that the allegations are construed to require a response, Aegis lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Aegis further states that the allegations in Paragraph 53 purport to quote statements made by the National Institute of Standards of Technology, and respectfully refers the Court to the statements themselves for a complete and accurate description of their contents.

54. Paragraph 54 contains Plaintiffs' characterizations as to which no response is required. To the extent that the allegations are construed to require a response, Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

> **2.** **The Registration Statement Portrayed AI and Machine Learning As a Competitive Advantage That Would Be Crucial to Attracting Third-Party Sellers to GigaCloud Marketplace, Which Was Important to GigaCloud's Corporate Strategy.**

55. Paragraph 55 contains Plaintiffs' characterizations as to which no response is required. Aegis further states that the allegations in Paragraph 55 purport to quote statements made by Defendant GigaCloud, and respectfully refers the Court to the Prospectus itself for a complete and accurate description of its contents.

56. Paragraph 56 contains Plaintiffs' characterizations as to which no response is required. Aegis further states that the allegations in Paragraph 56 purport to characterize statements made by Defendant GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

57. Aegis denies the allegations in Paragraph 57 except admits that Defendant GigaCloud made certain statements in the Registration Statement regarding its service revenue from 3P and 1P. Aegis further states that the allegations in Paragraph 57 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

58.     Aegis denies the allegations in Paragraph 58 except admits that Defendant GigaCloud made certain statements in the Registration Statement regarding its technology. Aegis further states that the allegations in Paragraph 58 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

59.     Aegis denies the allegations in Paragraph 59 except admits that Defendant GigaCloud made certain statements in the Registration Statement regarding its technology. Aegis further states that the allegations in Paragraph 59 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

60.     Aegis denies the allegations in Paragraph 60 except admits that Defendant GigaCloud made certain statements in the Registration Statement regarding its technology. Aegis further states that the allegations in Paragraph 60 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

61.     Aegis denies the allegations in Paragraph 61 except admits that Defendant GigaCloud made certain statements in the Registration Statement regarding its technology and warehousing management system. Aegis further states that the allegations in Paragraph 61 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

62.     Paragraph 62 contains Plaintiffs' characterizations of statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

63.    Paragraph 63 contains Plaintiffs' characterizations of statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

64.    Paragraph 64 contains Plaintiffs' characterizations of statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

65.    Aegis denies the allegations in Paragraph 65.  Aegis further states that the allegations in Paragraph 65 purport to characterize statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

66.    Aegis denies the allegations in Paragraph 66 except admits that its October 3, 2022 analyst report about GigaCloud included certain statements regarding GigaCloud's technology and optimization strategies, and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

### 3.    Contrary to the Claims in the Registration Statement, GigaCloud Did Not Use AI and Machine Learning in Its Logistics Operation.

67.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

71.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

73.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

76.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

77.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.     Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82. Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

**C. GigaCloud's Registration Statement Misleadingly Represented GigaCloud Marketplace Activity.**

1. **The Prospectus Reported GigaCloud's Sales on GigaCloud Marketplace and Sales on Other Ecommerce Sites Separately.**

83. No response to Paragraph 83 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

84. No response to Paragraph 84 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

85. No response to Paragraph 85 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

86. No response to Paragraph 86 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

87. No response to Paragraph 87 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

88. No response to Paragraph 88 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

- 14 -

89.     No response to Paragraph 89 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

2.     **GigaCloud 1P Revenue and GigaCloud Marketplace GMV Included Purchases by Entities Closely Connected with GigaCloud.**

90.     No response to Paragraph 90 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

91.     No response to Paragraph 91 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

92.     No response to Paragraph 92 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

93.     No response to Paragraph 93 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

94.     No response to Paragraph 94 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

95.     No response to Paragraph 95 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

96. No response to Paragraph 96 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

97. No response to Paragraph 97 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**3. Documentary Evidence and Former Employee Statements Show Close Connections Between Multiple GigaCloud Marketplace Buyers and GigaCloud.**

98. No response to Paragraph 98 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

99. No response to Paragraph 99 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

100. No response to Paragraph 100 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

101. No response to Paragraph 101 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**a) Orien Life**

102. No response to Paragraph 102 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

103.     No response to Paragraph 103 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

104.     No response to Paragraph 104 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

105.     No response to Paragraph 105 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

106.     No response to Paragraph 106 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

107.     No response to Paragraph 107 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### b)     CompHome

108.     No response to Paragraph 108 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

109.     No response to Paragraph 109 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

110.     No response to Paragraph 110 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

111.     No response to Paragraph 111 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### c)    Steve Roger Digital

112.     No response to Paragraph 112 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

113.     No response to Paragraph 113 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

114.     No response to Paragraph 114 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### d)    General Sherman

115.     No response to Paragraph 115 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

116.     No response to Paragraph 116 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

117.    No response to Paragraph 117 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### e)    Comp Goods

118.    No response to Paragraph 118 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

119.    No response to Paragraph 119 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

120.    No response to Paragraph 120 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### f)    Compthunder

121.    No response to Paragraph 121 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

122.    No response to Paragraph 122 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### g)    Shenzhenshi Ziyu Wangluokeji Youxiangongsi

123.    No response to Paragraph 123 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

124.    No response to Paragraph 124 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

4.    **GigaCloud Did Not Deny That It Counts Purchases by the Entities Discussed in the Grizzly Report in GigaCloud 1P Revenue and GigaCloud Marketplace GMV.**

125.    No response to Paragraph 125 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

126.    No response to Paragraph 126 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## VI.    MATERIALLY FALSE AND MISLEADING STATEMENTS IN GIGACLOUD'S REGISTRATION STATEMENT

127.    Paragraph 127 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, Aegis denies them.

### A.    Materially False and Misleading Statements Concerning Artificial Intelligence

128.    Paragraph 128 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, Aegis denies them.

129.    Aegis denies the allegations in Paragraph 129 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 129 purport to characterize and quote statements made by

GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

130.    Aegis denies the allegations in Paragraph 130.

131.    Aegis denies the allegations in Paragraph 131 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 131 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

132.    Aegis denies the allegations in Paragraph 132.

133.    Aegis denies the allegations in Paragraph 133 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 133 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

134.    Aegis denies the allegations in Paragraph 134.

135.    Aegis denies the allegations in Paragraph 135 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 135 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

136.    Aegis denies the allegations in Paragraph 136.

137.    Aegis denies the allegations in Paragraph 137 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further

states that the allegations in Paragraph 137 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

138.    Aegis denies the allegations in Paragraph 138.

139.    Aegis denies the allegations in Paragraph 139 except admits that Defendant GigaCloud made certain statements in the Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 139 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

140.    Aegis denies the allegations in Paragraph 140.

141.    Aegis denies the allegations in Paragraph 141 except admits that Defendant GigaCloud made certain statements in the Free Writing Prospectus regarding its technology.  Aegis further states that the allegations in Paragraph 141 purport to characterize and quote statements made by GigaCloud and respectfully refers the Court to the full statements themselves for a complete and accurate description of their contents.

142.    Aegis denies the allegations in Paragraph 142.

**B.    Materially False and Misleading Statements Concerning GigaCloud Marketplace Activity**

143.    No response to Paragraph 143 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

144.    No response to Paragraph 144 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

145. No response to Paragraph 145 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

146. No response to Paragraph 146 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

147. No response to Paragraph 147 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

148. No response to Paragraph 148 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

149. No response to Paragraph 149 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

150. No response to Paragraph 150 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

151. No response to Paragraph 151 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

152.    No response to Paragraph 152 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

153.    No response to Paragraph 153 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

154.    No response to Paragraph 154 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

155.    No response to Paragraph 155 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

156.    No response to Paragraph 156 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

157.    No response to Paragraph 157 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

158.    No response to Paragraph 158 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

159. No response to Paragraph 159 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

160. No response to Paragraph 160 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

161. No response to Paragraph 161 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

162. No response to Paragraph 162 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

163. No response to Paragraph 163 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

164. No response to Paragraph 164 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

165. No response to Paragraph 165 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

166.    No response to Paragraph 166 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

167.    No response to Paragraph 167 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

168.    No response to Paragraph 168 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

169.    No response to Paragraph 169 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

170.    No response to Paragraph 170 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

171.    No response to Paragraph 171 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

172.    No response to Paragraph 172 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

173.    No response to Paragraph 173 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

174.    No response to Paragraph 174 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

175.    No response to Paragraph 175 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

176.    No response to Paragraph 176 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

177.    No response to Paragraph 177 is required because it contains allegations relating to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## VII.    CLASS ACTION ALLEGATIONS

178.    Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 178.

179.    Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 179.

180.    Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 180.

181.    Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 181.

182. Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 182.

183. Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 183.

184. Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 184.

185. Aegis denies that this case is appropriate for class action treatment and denies all other allegations in Paragraph 185.

## VIII.  SECURITIES ACT COUNTS

### COUNT I

### Violations of Section 11 of the Securities Act
### Against the Securities Act Defendants

186. Aegis repeats each of the foregoing responses.

187. Paragraph 187 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them.

188. Aegis denies the allegations in Paragraph 188.

189. Paragraph 189 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them, except admits that it was an underwriter in GigaCloud's IPO.

190. Paragraph 190 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, Aegis denies them, except admits that Defendant GigaCloud was the issuer and registrant for the IPO.

191.    Aegis denies the allegations in Paragraph 191.

192.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore denies them.

193.    Aegis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore denies them.

194.    Paragraph 194 contains Plaintiffs' characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, Aegis denies them.

## COUNT II

### For Violation of Section 15 of the Securities Act
### Against the Individual Securities Act Defendants

195.    Aegis repeats each of the foregoing responses.

196.    Paragraph 196 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

197.    Paragraph 197 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

198.    Paragraph 198 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

199. Paragraph 199 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

200. Paragraph 200 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

201. Paragraph 201 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

202. Paragraph 202 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  Count II is brought against the Individual Securities Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶ 29.  To the extent a response is required, Aegis denies the allegations.

## EXCHANGE ACT CLAIMS

### I.    INTRODUCTION

203. Aegis repeats each of the foregoing responses.

204. Paragraph 204 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

205.    Paragraph 205 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

206.    Paragraph 206 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

207.    Paragraph 207 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

208.    Paragraph 208 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

209.    Paragraph 209 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

210.    Paragraph 210 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

211.    Paragraph 211 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## II.    PARTY AND CONTROL PERSON ALLEGATIONS

212.    Paragraph 212 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

213.    Paragraph 213 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

214.    Paragraph 214 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

215.    Paragraph 215 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

216.    Paragraph 216 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

217.    Paragraph 217 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

218.    Paragraph 218 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## III.    MATERIALLY FALSE AND MISLEADING STATEMENTS MADE BY THE EXCHANGE ACT DEFENDANTS DURING THE CLASS PERIOD

### A.    False and Misleading Statements in the Registration Statement

219.    Paragraph 219 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**B.    False and Misleading Statements Made During GigaCloud's Q2 2022 Earnings Call on September 30, 2022**

220.    Paragraph 220 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

221.    Paragraph 221 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

222.    Paragraph 222 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

223.    Paragraph 223 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

224.    Paragraph 224 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

225.    Paragraph 225 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

226.    Paragraph 226 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

227.    Paragraph 227 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

**C.      False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed September 30, 2022**

228.    Paragraph 228 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

229.    Paragraph 229 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

230.    Paragraph 230 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

231. Paragraph 231 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

232. Paragraph 232 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

233. Paragraph 233 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

234.    Paragraph 234 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

235.    Paragraph 235 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

### D.    **False and Misleading Statements Made During GigaCloud's Q3 2022 Earnings Call on November 30, 2022**

236.    Paragraph 236 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

237.    Paragraph 237 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

238. Paragraph 238 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

239. Paragraph 239 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

240. Paragraph 240 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

E.    **False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed November 30, 2022**

241. Paragraph 241 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

242. Paragraph 242 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

243. Paragraph 243 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

244. Paragraph 244 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

245.    Paragraph 245 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

246.    Paragraph 246 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

247.    Paragraph 247 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

F.    **False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed March 17, 2023**

248.    Paragraph 248 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

249.    Paragraph 249 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

250.    Paragraph 250 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

251.    Paragraph 251 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

252.    Paragraph 252 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

253.    Paragraph 253 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

G.    **False and Misleading Statements Made in GigaCloud's Annual Report on Form 20-F Filed April 24, 2023**

254.    Paragraph 254 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

255.    Paragraph 255 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

256.    Paragraph 256 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

257.    Paragraph 257 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

258.    Paragraph 258 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

259.    Paragraph 259 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

260.    Paragraph 260 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

261.    Paragraph 261 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

262.    Paragraph 262 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

263.    Paragraph 263 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

264.  Paragraph 264 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

265.  Paragraph 265 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

266.  Paragraph 266 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

267.  Paragraph 267 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

268. Paragraph 268 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

269. Paragraph 269 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

270. Paragraph 270 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

271. Paragraph 271 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

272. Paragraph 272 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

273. Paragraph 273 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

274. Paragraph 274 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

275.    Paragraph 275 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

276.    Paragraph 276 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

277.    Paragraph 277 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

278.    Paragraph 278 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

279.    Paragraph 279 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

280.    Paragraph 280 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## H.    **False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed May 24, 2023**

281.    Paragraph 281 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

282.    Paragraph 282 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

283.    Paragraph 283 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

284.    Paragraph 284 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

285.    Paragraph 285 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

286.    Paragraph 286 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

287.    Paragraph 287 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## I.    False and Misleading Statements Made During GigaCloud's Q2 2023 Earnings Call on August 15, 2023

288.    Paragraph 288 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

289.    Paragraph 289 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

290. Paragraph 290 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

## J.    False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed August 15, 2023

291. Paragraph 291 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

292. Paragraph 292 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

293.    Paragraph 293 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

294.    Paragraph 294 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

295.    Paragraph 295 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

296.    Paragraph 296 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

297. Paragraph 297 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**K.      False and Misleading Statements Made in GigaCloud's Form 6-K and Press Release Filed November 30, 2023**

298. Paragraph 298 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

299. Paragraph 299 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

300. Paragraph 300 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

301.    Paragraph 301 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

302.    Paragraph 302 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

L.    **False and Misleading Statements Made During GigaCloud's Q3 2023 Earnings Call on December 5, 2023**

303.    Paragraph 303 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

304.     Paragraph 304 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

305.     Paragraph 305 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

**M.     False and Misleading Statements Made in GigaCloud's Form 8-K and Press Release Filed March 15, 2024**

306.     Paragraph 306 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

307.     Paragraph 307 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

308.    Paragraph 308 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

309.    Paragraph 309 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

310.    Paragraph 310 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

**N.    False and Misleading Statements Made During GigaCloud's Q4 2023 Earnings Call on March 18, 2024**

311.    Paragraph 311 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

312. Paragraph 312 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

313. Paragraph 313 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

### O. <u>False and Misleading Statements Made in GigaCloud's Annual Report on Form 10-K Filed March 27, 2024</u>

314. Paragraph 314 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

315.    Paragraph 315 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

316.    Paragraph 316 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

317.    Paragraph 317 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

318.    Paragraph 318 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

319.    Paragraph 319 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

320.    Paragraph 320 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

321.    Paragraph 321 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

322.    Paragraph 322 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

323.    Paragraph 323 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

324.    Paragraph 324 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

325.    Paragraph 325 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

326.    Paragraph 326 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

327. Paragraph 327 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

328. Paragraph 328 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

329. Paragraph 329 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

330.    Paragraph 330 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

331.    Paragraph 331 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

332.    Paragraph 332 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

333.    Paragraph 333 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

334. Paragraph 334 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

335. Paragraph 335 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

336. Paragraph 336 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

337. Paragraph 337 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

338. Paragraph 338 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

339. Paragraph 339 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

340. Paragraph 340 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**P.** **False and Misleading Statements Made in GigaCloud's Q1 2024 Earnings Call on May 9, 2024**

341. Paragraph 341 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

342. Paragraph 342 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

343. Paragraph 343 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

**Q.** **False and Misleading Statements Made in GigaCloud's Quarterly Report on Form 10-Q Filed May 9, 2024**

344. Paragraph 344 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

345. Paragraph 345 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

346. Paragraph 346 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

347. Paragraph 347 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

348. Paragraph 348 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

349.    Paragraph 349 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

350.    Paragraph 350 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

351.    Paragraph 351 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

352. Paragraph 352 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

353. Paragraph 353 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

354. Paragraph 354 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

355. Paragraph 355 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

356.  Paragraph 356 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## IV.  ADDITIONAL SCIENTER ALLEGATIONS ONLY FOR THE EXCHANGE ACT CLAIMS

### A.  The Individual Exchange Act Defendants Had Motives to Mislead Investors.

*1.  The Individual Exchange Act Defendants Had a Motive to Show GigaCloud Marketplace Activity.*

357.  Paragraph 357 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

358.  Paragraph 358 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

359.    Paragraph 359 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

360.    Paragraph 360 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

> 2.    *Defendants Wu, Wan, and Lau Had a Motive to Defraud Investors in Order to Sell GigaCloud Stock at Inflated Prices.*

361.    Paragraph 361 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

362.    Paragraph 362 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

363.    Paragraph 363 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

364.    Paragraph 364 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### B.    **The Individual Exchange Act Defendants Behaved Intentionally or Recklessly.**

#### 1.    *Individual Scienter Allegations Against Wu*

a)    Wu Served as a Corporate Officer and/or Director of Orien Life and CompHome.

365.    Paragraph 365 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

366.    Paragraph 366 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

      b)   Other GigaCloud Executives and Employees Also Served as Corporate Officers and Directors for Nominally Third-Party "1P" Buyers.

367.    Paragraph 367 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

368.    Paragraph 368 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

369.    Paragraph 369 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

370.    Paragraph 370 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

371.    Paragraph 371 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

372.    Paragraph 372 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

373.    Paragraph 373 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

374.    Paragraph 374 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

375.    Paragraph 375 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

          c)    Wu was On Weekly Calls with Buyers that Were Closely Connected to GigaCloud.

376.    Paragraph 376 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

        d)       Wu Was The Founder of GigaCloud and the Company was Centralized Around Him.

377. Paragraph 377 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

378. Paragraph 378 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

### 2. *Individual Scienter Allegations Against Lau*

379. Paragraph 379 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

380. Paragraph 380 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

381.    Paragraph 381 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

### 3.    *Individual Scienter Allegations Against Wan*

382.    Paragraph 382 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

383.    Paragraph 383 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

4.    *The Abrupt Deregistration of GigaCloud Venture after the Culper Report Supports Scienter.*

384.    Paragraph 384 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

385.    Paragraph 385 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

5.    *GigaCloud's Response to the Corrective Disclosures Supports Scienter.*

386.    Paragraph 386 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

387.    Paragraph 387 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

388.    Paragraph 388 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

389.    Paragraph 389 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

390.    Paragraph 390 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

Case 1:23-cv-10645-JMF   Document 124   Filed 03/04/25   Page 82 of 106

6. *GigaCloud Marketplace 1P Sales Were a Core Operation of the Company, Supporting the Scienter of Wu, Wan, and Lau.*

391. Paragraph 391 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

392. Paragraph 392 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

393. Paragraph 393 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

394. Paragraph 394 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely

- 82 -

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

C.     **GigaCloud's Scienter and Liability**

395.     Paragraph 395 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

396.     Paragraph 396 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

V.     **THE EXCHANGE ACT DEFENDANTS ENGAGED IN A SCHEME TO DECEIVE INVESTORS.**

397.     Paragraph 397 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

398.    Paragraph 398 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

399.    Paragraph 399 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

400.    Paragraph 400 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

401.    Paragraph 401 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

## VI.   LOSS CAUSATION

402.   Paragraph 402 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

403.   Paragraph 403 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

404.   Paragraph 404 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

405.   Paragraph 405 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

406.    Paragraph 406 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

407.    Paragraph 407 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

408.    Paragraph 408 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

409.    Paragraph 409 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

410.    Paragraph 410 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

411.    Paragraph 411 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## VII.    CLASS ACTION ALLEGATIONS

412.    Paragraph 412 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

413.    Paragraph 413 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

414.    Paragraph 414 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

415.    Paragraph 415 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

416.    Paragraph 416 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

417.    Paragraph 417 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

418.    Paragraph 418 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

419.    Paragraph 419 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## VIII.    APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET AND AFFILIATED UTE PRESUMPTIONS

420.    Paragraph 420 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

421.    Paragraph 421 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

422.    Paragraph 422 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

## IX.    INAPPLICABILITY OF STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE

423.    Paragraph 423 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

424.     Paragraph 424 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## X.     EXCHANGE ACT COUNTS

### COUNT III

**Violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(b) Against Defendants GigaCloud, Wu, Lau, and Wan**

425.     Paragraph 425 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

426.     Paragraph 426 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

427.     Paragraph 427 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act

Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

428. Paragraph 428 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

429. Paragraph 429 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

430. Paragraph 430 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

431.     Paragraph 431 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

432.     Paragraph 432 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

433.     Paragraph 433 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

434.     Paragraph 434 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

## COUNT IV

### Violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(a) and (c) Against Defendants GigaCloud, Wu, Lau, and Wan

435. Paragraph 435 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

436. Paragraph 436 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

437. Paragraph 437 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

438.    Paragraph 438 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

439.    Paragraph 439 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

440.    Paragraph 440 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

441.    Paragraph 441 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely

relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

442.    Paragraph 442 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

443.    Paragraph 443 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

444.    Paragraph 444 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint.  The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint.  *See* SAC ¶¶ 213-14.  In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed.  *See* ECF No. 117 at 20.  To the extent a response is required, Aegis denies the allegations.

## COUNT V

### Violations of Section 20(a) of the Securities Exchange Act of 1934 Against Defendants Wu, Lau, and Wan

445. Paragraph 445 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

446. Paragraph 446 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

447. Paragraph 447 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

448. Paragraph 448 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended

Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

449. Paragraph 449 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

450. Paragraph 450 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

451. Paragraph 451 is not alleged against Aegis, and therefore no response is required, because Aegis is only named in Count I of the Second Amended Complaint. The Exchange Act Claims are brought against the Exchange Act Defendants, as defined in the Second Amended Complaint. *See* SAC ¶¶ 213-14. In addition, no response is required because the allegations solely relate to GigaCloud's marketplace activities, which the Court has dismissed. *See* ECF No. 117 at 20. To the extent a response is required, Aegis denies the allegations.

## PRAYER FOR RELIEF

Aegis denies that Plaintiffs or the putative class are entitled to any relief against Aegis, and Aegis respectfully requests that the Court dismiss the claims against it with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Aegis states that no response to Plaintiffs' demand for trial by jury is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Aegis as to any element of Plaintiffs' claims, brought individually and on behalf of the putative class, Aegis asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege facts sufficient to state a claim under the Securities Act upon which relief may be granted against Aegis.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the Second Amended Complaint's claims against Aegis under the Securities Act.

## THIRD AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because the Registration Statement did not contain any false or misleading statements of material fact or omit any material fact, and Aegis is not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Registration Statement.

**FOURTH AFFIRMATIVE DEFENSE**

Aegis is not liable to Plaintiffs because, at all relevant times, Aegis conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery from Aegis because, with respect to portions of the Registration Statement purporting to be made on the authority of experts retained to assist in preparing such documents (other than Aegis), including, but not limited to, financial statements and technology statements contained in the Registration Statement, Aegis had no reasonable grounds to believe, and did not believe at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert.

**SIXTH AFFIRMATIVE DEFENSE**

Aegis is not liable to Plaintiffs because any alleged misstatements by Aegis were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**SEVENTH AFFIRMATIVE DEFENSE**

Aegis is not liable to Plaintiffs because it had no duty to disclose any material facts allegedly omitted, and had no duty to verify, opine upon, audit, review or correct the statements

made in the Registration Statement that the Second Amended Complaint alleges were misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Aegis is not liable because it did not breach any duty owed to Plaintiffs or the members of the putative class.

## NINTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because any allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement were not material.

## TENTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because the substance of the allegedly material information that Plaintiffs alleges to have been omitted or misrepresented was in fact disclosed in the Registration Statement, GigaCloud's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## ELEVENTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because Aegis acted at all times in good faith, including by acting in conformity with the rules and regulations of the Securities and Exchange Commission, and had no knowledge, and was not reckless or negligent in not knowing, that any alleged statement or omission was false or misleading.

## TWELFTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because Aegis did not know, and in the exercise of reasonable care could not have known, of any alleged misstatements or omissions of fact in the Registration Statement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from Aegis because Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which Aegis denies) are speculative.

## FOURTEENTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because any damages or injuries allegedly sustained by Plaintiffs were not actually or legally caused by Aegis or any misstatement or omission alleged in the Second Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because any losses allegedly suffered by Plaintiffs are the proximate result, either in whole or in part, of actions or omissions of parties other than Aegis, for which Aegis is in no way liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs knew or, in the exercise of reasonable care, could have learned of the alleged untruths and/or omissions of which Plaintiffs complain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably rely on any alleged misstatements or omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Aegis are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts, omissions, and/or negligence of the Plaintiffs or others.

## NINETEENTH AFFIRMATIVE DEFENSE

Aegis is entitled to recover contribution from others for any liability it incurs as a result of any of the purported misstatements, omissions and conduct alleged in the claims against Aegis.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any injury or damage as alleged in the Second Amended Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Aegis and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Aegis is not liable to Plaintiffs because Plaintiffs purchased GigaCloud stock with actual or constructive knowledge of the risks involved in an investment in GigaCloud stock, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with their duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Second Amended Complaint, and are therefore barred from recovering any damages which might reasonably have been avoided.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Aegis are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all relevant times Aegis relied in good faith on the representations, reports, expert opinions, and advice of others.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Second Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Aegis are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Second Amended Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

**THIRTIETH AFFIRMATIVE DEFENSE**

Aegis is not liable because the Registration Statement complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains, amounts received, or benefits gained.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery from Aegis because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Aegis adopts by reference any applicable defense pled or that may be pled by any other defendant not expressly set forth herein.  Aegis reserves the right to assert such additional defenses as may be appropriate at a later time.

WHEREFORE, Aegis demands judgment in such form and for such relief as the Court deems just and proper.

Dated: March 4, 2025                                    Respectfully submitted,

                                                        **SICHENZIA ROSS FERENCE CARMEL LLP**

                                                        By: */s/ Sameer Rastogi*
                                                        Sameer Rastogi, Esq.
                                                        John J. Elliott, Esq.
                                                        1185 Avenue of the Americas, 31st Floor
                                                        New York, New York 10036
                                                        Telephone: 212-930-9700

- 105 -

Facsimile: 212-930-9725
Email: srastogi@srfc.law
Email: jelliott@srfc.law

*Attorneys for Defendant Aegis Capital Corp.*