**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Co-Lead Plaintiffs Sashi Rajan ("Rajan") and Meir Spear ("Spear", and collectively with Rajan, "Co-Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and GigaCloud Technology Inc ("GigaCloud" or the "Company"), Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), and Aegis Capital Corp. ("Aegis") (collectively, the "Settling Defendants"), on the other, and embodies the terms and conditions of the settlement of the above-captioned proposed class action (the "Action"). This Stipulation is intended by Co-Lead Plaintiffs and Settling Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B.    On October 4, 2023, plaintiff Thomas J. Kinnally filed a securities class action complaint in the United States District Court for the Central District of California, styled *Thomas J. Kinnally v. GigaCloud Technology Inc, et al*, No. 2:23-cv-8381 (the "Kinnally Action"), ECF No. 1. The initial complaint in the Kinnally Action asserted claims (i) against GigaCloud, Wu, Lau, Wan, Frank Lin ("Lin"), Xing Huang ("Huang"), and Aegis under Section 11 of the Securities Act of 1933 (the "Securities Act"); (ii) against Wu, Lau, Wan, Lin, and Huang under Section 15 of the Securities Act; (iii) against GigaCloud, Wu, and Lau under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (iv) against Wu and Lau under Section 20(a) of the Exchange Act. In general, the complaint alleged misstatements and omissions in connection with GigaCloud's August 2022 initial public offering (the "IPO") and during the period from August 18, 2022 to September 27, 2023, both dates inclusive.

C.    On October 30, 2023, plaintiff Rock Villanueva filed a securities class action complaint in the United States District Court for the Central District of California styled *Rock Villanueva v. GigaCloud Technology Inc, et al.*, No. 2:23-cv-9134 (the "Villanueva Action"), ECF No. 1.  The complaint alleged substantially the same allegations as the Kinnally Action.

D.    On November 20, 2023, Kinnally and GigaCloud stipulated to the transfer of the Kinnally Action to the United States District Court for the Southern District of New York (the "Court"). Kinnally Action, ECF No. 11; Villanueva Action, ECF No. 12. In that stipulation,

2

GigaCloud's counsel accepted service of the summons and complaint in the Kinnally Action on behalf of GigaCloud. *Id.*

E.      On November 22, 2023, the Kinnally Action was transferred to the United States District Court for the Southern District of New York (the "Court"). Kinnally Action, ECF No. 12. That same day, the Villanueva Action was also transferred to the Court. Villanueva Action, ECF No. 13. The Kinnally Action and the Villanueva Action were assigned case numbers 1:23-cv-10684 and 1:23-cv-10645, respectively, in this Court.

F.      On December 4, 2023, three purported members of the putative class alleged in the Kinnally and Villanueva Actions filed motions for consolidation of the two cases, their respective appointments as lead plaintiffs, and appointment of their respective counsel as lead counsel. These motions were filed in the Kinnally Action in the United States District Court for the Central District of California, ECF Nos. 13-15, 17-22.

G.      On December 15, 2023, the Court ordered that, in view of the transfer of the Kinnally and Villanueva Actions to the Southern District of New York, the deadline to seek appointment as lead plaintiff would be extended to December 22, 2023. Kinnally Action, ECF No. 20 on docket of the Court; Villanueva Action, ECF No. 23 on docket of the Court.

H.      On December 22, 2023, three motions to consolidate Kinnally and Villanueva Actions, appoint a lead plaintiff, and approve lead counsel were filed by, respectively, (1) Rajan (Kinnally Action, ECF Nos. 24-27 on docket of the Court (refiled on December 26, 2023 in Villanueva Action, ECF Nos. 32-25 on docket of the Court)); (2) Meir Spear (Kinnally Action, ECF Nos. 28-30 on docket of the Court; Villanueva Action, ECF Nos. 26-28 on docket of the Court); and (3) Thomas J. Kinnally (Villanueva Action, ECF Nos. 29-31 on docket of the Court).

3

I.      On January 10, 2024, Kinnally filed a notice of non-opposition to the competing lead plaintiff motions filed by Rajan and Spear, respectively. Villanueva Action, ECF No. 39 on docket of the Court.

J.      On January 10, 2024, Rajan and Spear filed a stipulation and [proposed] order to, inter alia, (1) consolidate the Kinnally and Villanueva Actions for all purposes, (2) appoint Rajan and Spear as Co-Lead Plaintiffs in the consolidated action, (3) approve Rajan and Spear's selections of Pomerantz and Rosen Law as Co-Lead Counsel, and (4) deny Kinnally's lead plaintiff motion. Villanueva Action, ECF No. 41 on docket of the Court.

K.      On January 11, 2024, the Court granted that stipulation and entered the [proposed] order. Villanueva Action, ECF No. 42 on docket of the Court; Kinnally Action, ECF No. 34 on docket of the Court. References in this Stipulation to subsequent docket entries are to the consolidated action, styled *In re GigaCloud Technology Inc Securities Litigation*, No. 1:23-cv-10645.

L.      On January 18, 2024, Co-Lead Plaintiffs, on the one hand, and Defendants GigaCloud, Wu, and Wan, on the other, filed a stipulation and [proposed] order (1) setting forth the duties and responsibilities of Co-Lead Plaintiffs and Co-Lead Counsel and (2) proposing a schedule for Co-Lead Plaintiffs to file any amended complaint or designate a previously filed complaint as operative, for Defendants GigaCloud, Wu, and Wan to respond to the operative complaint, if Defendants GigaCloud, Wu, and Wan filed a motion to dismiss, for briefing thereon. ECF No. 46. Per that stipulation, GigaCloud, Wu, and Wan, through their counsel, agreed to waive service of the summons and complaint in this action. ECF No. 46.

M.      On January 19, 2024, the Court entered that [proposed] order. ECF No. 54.

4

N.      On January 22, 2024, Aegis was served with a summons and complaint. ECF No. 55.

O.      On March 18, 2024, Co-Lead Plaintiffs filed an Amended Class Action Complaint (the "Amended Complaint"). ECF No. 59. The Amended Complaint, on behalf of a proposed Class of all persons and entities that purchased or otherwise acquired Class A ordinary shares issued by GigaCloud pursuant and/or traceable to the Registration Statement issued in connection with GigaCloud's August 2022 initial public offering, and were damaged thereby, asserted claims (1) against GigaCloud, Wu, Lau, Wan, Lin, Huang, Chen, Guo, Liu, and Aegis under Section 11 of the Securities Act, and (2) against Wu, Lau, Wan, Lin, Huang, Chen, Guo, and Liu under Section 15 of the Securities Act. In addition, the Amended Complaint, on behalf of a proposed Class of all persons and entities that purchased or otherwise acquired GigaCloud Class A ordinary shares during the period August 18, 2022 to September 28, 2023, both dates inclusive, and were damaged thereby, asserted claims (1) against GigaCloud, Wu, Wan, and Iman Schrock ("Schrock") under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and (2) against Wu, Lau, Wan, and Schrock under Section 20(a) of the Exchange Act.

P.      On May 17, 2024, Defendants GigaCloud, Wu, Wan, Schrock, and Aegis filed a motion to dismiss the Amended Complaint, supported by a memorandum of law, attorney declaration, and exhibits thereto. ECF Nos. 82-84.

Q.      On May 20, 2024, the Court ordered that, notwithstanding the briefing schedule adopted on January 19, 2024, Co-Lead Plaintiffs shall file any second amended complaint by June 7, 2024, and that Co-Lead Plaintiffs would not be given any further opportunity to amend to address issues raised by the motion to dismiss. ECF No. 85.

R. On May 28, 2024, Co-Lead Plaintiffs filed a letter-motion requesting an extension, to June 28, 2024, of the deadline to file a second amended complaint. ECF No. 86. Defendants GigaCloud, Wu, Wan, Schrock, and Aegis did not object to this request. *See id*. On May 29, 2024, the Court granted the request. ECF No. 87.

S. On June 28, 2024, Co-Lead Plaintiffs filed a Second Amended Class Action Complaint (the "Second Amended Complaint"). ECF No. 88. The Second Amended Complaint, on behalf of a proposed Class of all persons and entities that purchased or otherwise acquired Class A ordinary shares issued by GigaCloud pursuant and/or traceable to the Registration Statement issued in connection with GigaCloud's August 2022 initial public offering, asserted claims (1) against GigaCloud, Wu, Lau, Wan, Lin, Huang, Chen, Binghe Guo ("Guo"), Liu, and Aegis under Section 11 of the Securities Act, and (2) against Wu, Lau, Wan, Lin, Huang, Chen, Guo, and Liu under Section 15 of the Securities Act. In addition, the Second Amended Complaint, on behalf of a proposed Class of all persons and entities that purchased or otherwise acquired GigaCloud Class A ordinary shares during the period August 18, 2022 to May 22, 2024, both dates inclusive (the "Class Period"), asserted claims (1) against GigaCloud, Wu, Lau, and Wan under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and (2) against Wu, Lau, and Wan under Section 20(a) of the Exchange Act.

T. The Second Amended Complaint alleged that the Registration Statement for GigaCloud's IPO made false and misleading statements concerning (1) the Company's artificial intelligence capability, and (2) activity on the Company's business-to-business e-commerce platform, called "GigaCloud Marketplace." The Second Amended Complaint also alleged that GigaCloud, Wu, Lau, and Wan made false and misleading statements concerning activity on

GigaCloud Marketplace during the Class Period, and that those same Defendants engaged in a scheme to defraud investors during the Class Period.

U.　On August 9, 2024, Defendants GigaCloud, Wu, Lau, Wan, and Aegis filed a motion to dismiss the Second Amended Complaint, supported by a memorandum of law, attorney declaration, and exhibits thereto. ECF Nos. 95-97.

V.　On August 13, 2024, Defendants' Counsel advised Co-Lead Counsel that the Bailiff Section of the Hong Kong Judiciary attempted to deliver service of process to Defendant Chen, that Chen did not contest service, that Chen would appear through counsel to respond the Second Amended Complaint, and that Chen anticipated submitting a short joinder adopting the motion to dismiss the Second Amended Complaint filed by GigaCloud, Wu, Lau, Wan, and Aegis, and making an additional personal jurisdiction argument that is uniquely applicable to him. ECF No. 99.

W.　On August 21, 2024, Defendant Chen filed a notice of joinder with the motion to dismiss the Second Amended Complaint filed by Defendants GigaCloud, Wu, Lau, Wan, and Aegis, and a motion to dismiss the Second Amended Complaint for lack of personal jurisdiction, supported by a memorandum of law. ECF Nos. 105-106.

X.　On October 8, 2024, Co-Lead Plaintiffs filed memoranda of law, attorney declarations, and exhibits thereto in opposition to the two motions to dismiss the Second Amended Complaint. ECF Nos. 107-110.

Y.　On November 7, 2024, Defendants GigaCloud, Wu, Lau, Wan, Aegis, and Chen filed replies in support of their motions to dismiss the Second Amended Complaint. ECF Nos. 115-116.

Z.      On January 27, 2025, the Court issued an Opinion and Order (1) granting in part and denying in part GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint, and (2) denying Chen's motion to dismiss the Second Amended Complaint. ECF No. 117. Specifically, the Court dismissed all claims that Defendants made misrepresentations and/or omissions of material fact about activity on GigaCloud's e-commerce marketplace, and found that Co-Lead Plaintiffs sufficiently alleged that the registration statement and prospectus for the IPO contained certain misrepresentations and/or omissions of material fact about GigaCloud's artificial intelligence capabilities.

AA.     In the same order, the Court scheduled an initial pretrial conference for March 26, 2025 and set a deadline of March 20, 2025 for the parties to submit a joint status letter and proposed Case Management Plan. *Id*.

BB.     On February 6, 2025, Co-Lead Plaintiffs filed an affidavit of service of a summons and the Second Amended Complaint on Liu. ECF No. 118. On February 12, 2025, one of Defendants' Counsel filed a notice of appearance on behalf of Liu, stating that Liu reserved the right to contest the sufficiency of the service of process, among other defenses.  ECF No. 120.

CC.     On March 4, 2025, Defendant Aegis filed its Answer to the Second Amended Complaint, denying all allegations asserted against it. ECF No. 124.

DD.     On March 11, 2025, Defendants GigaCloud, Wu, Lau, Wan, Liu, and Chen filed their Answer to the Second Amended Complaint. ECF No. 125. In their Answer, Defendants denied all allegations.

EE.     Pursuant to the Court's January 27, 2025 Opinion and Order, the Parties began discussing the scope of discovery. In addition, the Parties began discussing the possibility of reaching a negotiated resolution of the Action.  On March 17, 2025, the Parties jointly requested

a 30-day adjournment of the initial pretrial conference to allow the parties to continue discussing such potential resolution. ECF No. 127. On March 19, 2025, the Court granted that request, adjourning the initial pretrial conference to April 30, 2025. ECF No. 128.

FF.    The Parties continued to engage in settlement discussions. On April 23, 2025, the Parties reached a settlement-in-principle to resolve the Action for $2,750,000 and began negotiating a term sheet. The following day, April 24, 2024, the Parties jointly requested that the initial pretrial conference be adjourned for thirty days or until a date convenient for the Court, and a corresponding extension for all other applicable discovery deadlines. The Court granted that request the same day, adjourning the initial pretrial conference to May 28, 2025, extending all other applicable discovery deadlines, and directing the Parties to file a joint status letter no later than May 5, 2024. ECF No. 131.

GG.    Following additional negotiations, on May 2, 2025, the Parties, through their counsel, executed a confidential term sheet setting forth the material terms associated with the resolution of the Action, subject to the execution of a "customary long form" stipulation and agreement of settlement and related papers.

HH.    Then, that same day, the Parties wrote jointly to notify the Court that they had reached a settlement in principle and that Plaintiffs intended to file a motion for preliminary approval of the settlement within forty-five days thereafter. ECF No. 132. In light of the settlement in principle, the Parties jointly requested an adjournment of the initial pretrial conference, then scheduled for May 28, 2025, and all other deadlines in this case, pending the submission of Plaintiffs' preliminary approval motion. *Id*.

II.    The Court granted that request the same day, adjourning the pretrial conference and all existing deadlines *sine die* pending the filing of a motion for class certification and

9

preliminary approval of the Settlement, for which the Court set a deadline of June 16, 2025. ECF No. 133.

JJ.     Thereafter, the Parties negotiated the terms of this Stipulation and the exhibits thereto.

KK.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

LL.     Co-Lead Plaintiffs believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Co-Lead Plaintiffs and Plaintiffs' Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Co-Lead Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Co-Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

MM.     Throughout this litigation, Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Settling Defendant has expressly denied and continues to deny any and all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public

statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability.  Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Co-Lead Plaintiffs or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Settling Defendants or by the conduct alleged in the Action.  Settling Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.

**NOW THEREFORE**, without any concession by Co-Lead Plaintiffs that the Action lacks merit, and without any admission or concession by Settling Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

11

(a)    "Action" means the civil action captioned *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF, pending in the United States District Court for the Southern District of New York before the Honorable Jesse M. Furman.

(b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d)    "Claims Administrator" means the firm to be retained by Plaintiffs' Counsel, set out in the Preliminary Approval Order and subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

(e)    "Class Period" means the period from August 18, 2022 to May 22, 2024, both dates inclusive.

(f)    "Co-Lead Counsel" means the law firms of Pomerantz LLP and The Rosen Law Firm, P.A.

(g)    "Co-Lead Plaintiffs" means Sashi Rajan and Meir Spear.

(h)    "Defendants" means the Settling Defendants, Frank Lin, Xing Huang, and Binghe Guo.

(i)    "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Sichenzia Ross Ference Carmel LLP.

(j)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 39 below.

(k)    "Escrow Account" means the separate escrow account maintained at Huntington National Bank, wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(l)    "Escrow Agent" means Huntington National Bank.

(m)    "Fee and Expense Application" means Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any costs and expenses of Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(n)    "Final," with respect to a court order, including the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order, shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses to Plaintiffs' Counsel, shall not in any way delay or affect the time set forth above for

13

the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(o)    "GigaCloud Stock" means GigaCloud Class A ordinary shares.

(p)    "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(q)    "Individual Defendants" means Larry Lei Wu, Xin Wan, Kwok Hei David Lau, Zhiwu Chen, Thomas Liu, Frank Lin, Xing Huang, and Binghe Guo.

(r)    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement and dismissing the Second Amended Complaint with prejudice, substantially in the form attached hereto as Exhibit B.

(s)    "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Co-Lead Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Co-Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(t)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(u)    "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members,

which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(v)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(w)     "Person(s)" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(x)     "Plaintiffs' Counsel" means Co-Lead Counsel, Portnoy Law Firm, and The Schall Law Firm.

(y)     "Plan of Allocation" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.  No Plan of Allocation is part of this Stipulation and the Released Defendant Parties shall have no responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

(z)     "Pomerantz" means Pomerantz LLP.

(aa)    "Postcard Notice" means the notice, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

(bb)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(cc)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, and which a claimant must complete and submit should that claimant seek to share in a distribution of the Net Settlement Fund.

(dd)    "Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling Persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, liability insurance carriers, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

16

(ee)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

(ff)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(gg)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Co-Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action, including, for the avoidance of doubt, all claims already dismissed by the Court's order dated January 27, 2025, granting in part and denying in part Defendants GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint (ECF No. 117); or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to both (i) the allegations, transactions, facts, activities, matters or occurrences, conduct, representations, or omissions involved, set forth, or referred to in the Action and (ii) the purchase or acquisition of GigaCloud Stock during the Class Period.  Released Plaintiffs' Claims shall not include claims to enforce the Settlement.

(hh)    "Released Plaintiff Parties" means each and every Settlement Class Member, Co-Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present

17

trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ii)    "Rosen" means The Rosen Law Firm, P.A.

(jj)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(kk)    "Settlement Amount" means the total principal amount of two million seven hundred and fifty thousand U.S. dollars ($2,750,000) in cash.

(ll)    "Settlement Class" or "Settlement Class Member" means all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v); and (vii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

18

(mm) "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(nn) "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(oo) "Settling Defendants" means GigaCloud Technology Inc, Larry Lei Wu, Xin Wan, Kwok Hei David Lau, Zhiwu Chen, Thomas Liu, and Aegis Capital Corp.

(pp) "Stipulation" means this Stipulation and Agreement of Settlement.

(qq) "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

(rr) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(ss) "Unknown Claims" means any and all Released Plaintiffs' Claims that Co-Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released

19

Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Co-Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Co-Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Co-Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Co-Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

20

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(ll); (ii) the appointment of Co-Lead Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

5.      By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Settling Defendants, on behalf of themselves and each of their

respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

6.       For the avoidance of doubt, Frank Lin, Xing Huang, or Binghe Guo have not been served in this Action, and Co-Lead Plaintiffs agree they will not pursue any further action with respect to any of these individuals in connection with this Action.

## THE SETTLEMENT CONSIDERATION

7.       In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 4-5, above, all of which the Parties agree are good and valuable consideration, GigaCloud agrees to pay or cause the payment of: (i) $300,000 of the Settlement Amount into the Escrow Account no later than fourteen (14) calendar days following the later of (a) the date of entry of the Preliminary Approval Order; or (b) the date that Plaintiffs' Counsel provide to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, complete payment instructions, including wiring instructions that include the bank name and ABA routing number, account name and number, and a Form W-9 reflecting a valid taxpayer identification number for the Settlement Fund; and (ii) the balance of the Settlement Amount ($2,450,000) no later than sixty (60) calendar days following the later of (a) the date of entry of the Preliminary Approval Order; or (b) the date that Plaintiffs' Counsel provide to Defendants' Counsel the information necessary to effectuate a

22

transfer of funds to the Escrow Account, as described above. If the dates described in the previous sentence fall on a Saturday, Sunday, or bank holiday, the amounts shall be paid on the next business day.

8.      Co-Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.   With the sole exceptions of Settling Defendants' obligation to pay or cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶ 7, Settling Defendants' obligation pursuant to ¶ 22, and Settling Defendants' obligation pursuant to ¶ 38, Settling Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

9.      Other than the obligation of Settling Defendants to pay or cause the payment of the Settlement Amount pursuant to ¶ 7, Settling Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel

awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

11.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 21–34 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Settling Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

12.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Plaintiffs' Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 12, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements

24

contained in such regulations.  It shall be the responsibility of Plaintiffs' Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 12.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events, Settling Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith.  Neither Settling Defendants nor Defendants' Counsel shall have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.  In the event any Taxes are owed by any of the Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)      Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Plaintiffs' Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants.  Plaintiffs' Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 12.

13.      This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

14.      Co-Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Co-Lead Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

15.      The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund to Plaintiffs' Counsel immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to

the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, or as otherwise ordered by the Court. Co-Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

16. Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶ 14–15 above shall be subject to Plaintiffs' Counsel's obligation to make full refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

17. With the sole exception of Settling Defendants' obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in ¶ 7, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

18. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to

any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

19.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from the Released Defendant Parties for any award of attorneys' fees and expenses ordered by the Court.

20.     The Settlement is separate from, and is not conditioned upon, any award of attorneys' fees or expenses.  The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein.  In the event of any delay in resolving the Fee and Expense Application, Co-Lead Plaintiffs agree to request that the Court rule on the motion for approval of the Settlement while the Fee and Expense Application remains pending.  Co-Lead Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 40 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

**NOTICE AND ADMINISTRATION EXPENSES**

21.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

22.     Notwithstanding the fact that the Settlement has not reached the Effective Date, without further approval from Settling Defendants or further order of the Court, Plaintiffs' Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Settling Defendants or further order of the Court. Settling Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of entry of the Preliminary Approval Order, GigaCloud will, at its own expense, provide or cause to be provided to Co-Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of GigaCloud Stock during the Class Period in electronic format, such as Excel.

### DISTRIBUTION TO AUTHORIZED CLAIMANTS

23.     Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

24.     The Claims Administrator, subject to such supervision and direction of Plaintiffs' Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.  None of the Released Defendant Parties shall have responsibility (except as stated in ¶¶ 7, 22 and 38 hereof) for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Co-Lead Plaintiffs, any member of the Settlement Class, and Plaintiffs' Counsel in

connection with such administration.

25.     The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

26.     Settling Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Co-Lead Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Settling Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging of claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

27.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

28.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical

after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization designated by Co-Lead Plaintiffs and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

29.    Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Plaintiffs' Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

30.    Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted.   The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund,

31

or the reviewing or challenging of claims. Plaintiffs' Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

31. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Plaintiffs' Counsel, in their discretion, may deem acceptable. Claimants shall bear the burden of establishing their right to a recovery;

(b) All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Plaintiffs' Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Plaintiffs' Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim

32

Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court.

32.    Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

33.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

34.    All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

35.    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 29–36) or any

34

of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

36.     No Person shall have any claim against Co-Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Plaintiffs' Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

37.     Concurrently with the application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Co-Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, preliminarily certify the Settlement Class only for purposes of the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

        (a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

35

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

40.    Settling Defendants and Co-Lead Plaintiffs, respectively, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United States; or (v) a Final order declining to dismiss the Action with prejudice.  Without limitation, any reduction in the scope of the definitions of the Settlement Class or Released Plaintiffs' Claims will be deemed material.  For the avoidance of doubt, Co-Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

36

41.     In addition to the foregoing, GigaCloud, in its sole discretion, shall also have the right to terminate the Settlement in the event the Termination Threshold (defined below) has been reached.  Simultaneously herewith, Defendants' Counsel and Plaintiffs' Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which GigaCloud shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46–48 which shall continue to apply.

42.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-eight (28) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Plaintiffs' Counsel shall promptly, and in no event no later than five (5) calendar days after receiving a request for exclusion or twenty-one (21) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

37

43.     In addition to all of the rights and remedies that Co-Lead Plaintiffs have under the terms of this Stipulation, Co-Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 7 above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

44.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Co-Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Co-Lead Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of May 2, 2025. All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected. GigaCloud warrants, as to the payments it makes as to itself and the payments made on Defendants' behalf, pursuant to this Stipulation, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 40–44 above: (i) neither Settling Defendants nor Co-Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii)

any exercise of that option shall be made in good faith, but in the sole discretion of Settling Defendants or Co-Lead Plaintiffs, as applicable.

46.     With the exception of the provisions of this ¶¶ 46–48 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 2, 2025, and the Parties shall  proceed in all respects as if this Stipulation and all related orders had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Co-Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47.     In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less reasonable Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned pursuant to Settling Defendants' instructions within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Plaintiffs' Counsel.  Plaintiffs' Counsel or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Settling Defendants.

**NO ADMISSION**

48.     Except as set forth in ¶ 49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Co-Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Co-Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Co-Lead Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, any other member of the

40

Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Released Defendant Parties, Co-Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Co-Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

49.     Notwithstanding ¶ 48 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative

Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.    All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51.    The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any court that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Co-Lead Plaintiffs and Settling Defendants (or their successors-in-interest) by

42

counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation.

55.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party, of any other prior or subsequent breach of this Stipulation.

56.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

58.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

59.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

60.    This Stipulation may be executed in one or more counterparts.    All executed

43

counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

61.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

62.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

63.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65.     All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Co-Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other

documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

67.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 37 above, those disputes will be resolved by a neutral arbiter agreed upon by the parties, first by way of expedited telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable resolution.

68.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Settlement confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations.  Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

69.    The Parties further understand and agree that Settling Defendants deny all of the Settlement Class and Co-Lead Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury. No public communication about the negotiation of the Settlement shall claim success or construe the Settlement as an admission of liability.  The Parties may not make, by direct or indirect publication, any statements intended to be derogatory of the other Party and/or the claims and defenses they contemplated in the Action.  For the avoidance of doubt, nothing herein shall prevent (i) any Settling Defendant from stating that the claims asserted in the Action were entirely without

45

merit and that none of Defendants' conduct, statements, acts, or omissions constitute a violation of any rules, regulations, or laws; or (ii) Co-Lead Plaintiffs or Plaintiffs' Counsel from stating that the Settlement is favorable for the Settlement Class.

70.     Except as otherwise provided herein and by the Court to Plaintiffs' Counsel from the Settlement Amount, each Party shall bear its own costs, expenses, and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 16, 2025.

**POMERANTZ LLP**

Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel for Co-Lead Plaintiff Sashi Rajan
and Co-Lead Counsel for the Proposed
Settlement Class*

**LATHAM & WATKINS LLP**

Jeff G. Hammel
Jason C. Hegt
Hanyu (Iris) Xie
Chengliang (Larry) Hong
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
jeff.hammel@lw.com
jason.hegt@lw.com
iris.xie@lw.com
larry.hong@lw.com

*Counsel for Defendants GigaCloud
Technology Inc, Larry Lei Wu, Xin Wan,
Kwok Hei David Lau, Zhiwu Chen, and
Thomas Liu*

**PORTNOY LAW FIRM**

Lesley F. Portnoy
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (310) 692-8883
lesley@portnoylaw.com

**SICHENZIA ROSS FERENCE CARMEL LLP**

Sameer Rastogi, Esq.
John J. Elliott, Esq.

46

*Additional Counsel for Co-Lead Plaintiff*
*Sashi Rajan*

1185 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: 212-930-9700
Facsimile: 212-930-9725
Email: srastogi@srfc.law
Email: jelliott@srfc.law

*Counsel for Defendant Aegis Capital Corp.*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Co-Lead Plaintiff Meir Spear and*
*Co-Lead Counsel for the Proposed Settlement*
*Class*

**THE SCHALL LAW FIRM**

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff*
*Meir Spear*

47

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      On June 16, 2025, Co-Lead Plaintiffs Sashi Rajan ("Rajan") and Meir Spear ("Spear", and collectively with Rajan, "Co-Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and GigaCloud Technology Inc ("GigaCloud" or the "Company"), Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), and Aegis Capital Corp. ("Aegis") (collectively, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint (the "Second Amended Complaint"), filed on June 28, 2024, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2025 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v); and (vii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.     Solely for the purposes of the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

     (a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

     (b)     there are questions of law and fact common to the Settlement Class Members;

     (c)     the claims of Co-Lead Plaintiffs are typical of the Settlement Class's claims;

     (d)     Co-Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

     (e)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

     (f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Rajan and Spear are preliminarily certified as Class Representatives for the Settlement Class. The law firms of Pomerantz LLP and The Rosen Law Firm, P.A. are preliminarily appointed Class Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the Thurgood Marshall United States Courthouse, 40 Foley Square,

New York, NY 10007, in Courtroom 1105, on _____, 2025, at __:_____ _.m. [a date at least 100 days from entry of this order] for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Co-Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Co-Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved

4

the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice, and the Postcard Notice substantially in the forms annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.    The Court approves the retention of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement

5

Class Members who can be identified with reasonable effort, and shall cause the Notice and Claim Form to be posted on the website for the Settlement. GigaCloud, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Plaintiffs' Counsel, the Settlement Class, or the Claims Administrator, within seven (7) business days of entry of this Preliminary Approval Order, a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of GigaCloud Stock during the Class Period in electronic format, such as Excel.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms and other Persons and entities that purchased or otherwise acquired GigaCloud Stock during the Class Period for the benefit of another person of entity. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of such notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of such notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notices to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Nominees are not authorized to print the Postcard Notice for dissemination. Postcard Notices may only be printed for dissemination by

6

the Claims Administrator. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.10 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Postcard Notices mailed by nominees; or $0.10 per mailing record and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.    Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

11.    The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over a national newswire service within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due

7

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than ninety (90) calendar days after the Notice Date. Such deadline may be further extended by Court order or by Co-Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by Paragraph 15 of this order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account

8

statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Plaintiffs' Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and e-mail address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)" and must be signed by such

Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including the number of shares of GigaCloud Stock that the person or entity requesting exclusion (i) owned as of the opening of trading on August 18, 2022 and as of the close of trading on August 20, 2024 and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, inclusive, as well as the dates and prices for each such purchase, acquisition and sale, and to submit documentary proof of such ownership and such purchase, acquisition, and/or sale transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses. Any objections must (a) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.);" (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class,

10

including the number of shares of GigaCloud Stock that the objector (i) owned as of the opening of trading on August 18, 2022 and close of trading on August 20, 2024, and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, as well as the dates and prices for each such purchase, acquisition and sale. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them, including their former or current counsel who may be entitled to compensation in connection with the objection; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

18.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days prior to the Settlement Hearing, upon Co-Lead Counsel: Jeremy A. Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, and Laurence M. Rosen, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016; and Defendants' Counsel: Latham & Watkins LLP, Jason C. Hegt, 1271 Avenue of the Americas, New York, NY 10020, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the

11

request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Co-Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

21.    As provided in the Stipulation, Plaintiffs' Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

22.    All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on

12

or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

23.     No Person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25.     Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Co-Lead Plaintiffs.

26.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 2, 2025.

27.     Neither this Order, the term sheet entered into by and between the Parties on May 2, 2025, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption,

13

concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Co-Lead Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; or (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2025

14

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or acquired GigaCloud Technology Inc ("GigaCloud" or the "Company") Class A ordinary shares ("GigaCloud Stock") during the period from August 18, 2022 through May 22, 2024, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on ____, 2025 at _____ :__ __.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $2,750,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, expenses, compensatory awards to Co-Lead Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to persons and entities who purchased GigaCloud Stock during the Class Period, and who submit eligible Claim Forms.

- Based on Co-Lead Plaintiffs' consulting damages expert's estimate of approximately 26.3 million shares of GigaCloud Stock that may have been affected by the conduct alleged in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average gross recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is approximately $0.10 per share. Settlement Class Members should note, however, that the foregoing average recovery is only an estimate. Settlement Class Members may recover more or less than this amount depending on, among

---

[1] All capitalized terms used in this Notice that are not otherwise defined have the meanings given to them in the Stipulation and Agreement of Settlement, dated June 16, 2025 (the "Stipulation"), which is available at www._____.

other factors, when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much, and the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth below (*see* pages [_]-[_] below) or such other plan of allocation as may be approved by the Court.

- To claim your share of the Settlement, you must submit a valid Claim Form by _____, 2025.

- Attorneys for Co-Lead Plaintiffs and the Settlement Class, Pomerantz LLP and The Rosen Law Firm, P.A. ("Co-Lead Counsel"), intend to ask the Court to award them and additional counsel Portnoy Law Firm and The Schall Law Firm (together "Plaintiffs' Counsel") fees of up to 33.4% of the Settlement Amount, plus interest, and payment of up to $130,000 in litigation expenses and up to $15,000 in total in compensatory awards to Co-Lead Plaintiffs, pursuant to the Private Securities Action Reform Act of 1995 ("PSLRA"). Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, litigation expenses and compensatory awards to Co-Lead Plaintiffs are estimated to average approximately $0.04 per share. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.06 per share. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on, among other things, when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much, and the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms.

- The Settlement resolves the Action and claims that GigaCloud, Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), Frank Lin ("Lin"), Xing Huang ("Huang"), Binghe Guo ("Guo"), and Aegis Capital Corp. ("Aegis") (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, GigaCloud's artificial intelligence capabilities and activity on GigaCloud's e-commerce marketplace. Lin, Huang, and Guo have not appeared in the Action, GigaCloud, Wu, Wan, Lau, Chen, Liu, and Aegis ("Settling Defendants") have entered into the Stipulation with Co-Lead Plaintiffs (collectively, the "Parties"). Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Co-Lead Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Co-Lead Plaintiffs or the Settlement Class have suffered damages or that Co-Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

2

EXHIBIT A-1

- The Settling Parties disagree on how much money, if any, could have been won if Co-Lead Plaintiffs prevailed on each of their claims.

- For Co-Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery (including foreign discovery), the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Settling Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the sole reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a member of the Settlement Class, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before _____, 2025** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before _____, 2025** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before _____, 2025** |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before _____, 2025** |
| **DO NOTHING** | Get no payment. Give up your rights. |

### INQUIRIES

**Please do not contact the Court, Defendants, Defendants' Counsel, or the Office of the Clerk of Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

|  |  |  |
|---|---|---|
| [INSERT]<br>c/o [INSERT ADMIN]<br>[ADDRESS]<br>[ADDRESS]<br>Telephone: [INSERT]<br>[INSERT EMAIL] | or | Jeremy A. Lieberman, Esq.<br>Jonathan D. Park, Esq.<br>POMERANTZ LLP<br>600 Third Ave, Floor 20<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>jalieberman@pomlaw.com<br>jpark@pomlaw.com | Laurence M. Rosen, Esq.<br>Brian B. Alexander, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>lrosen@rosenlegal.com<br>balexander@rosenlegal.com |

**BASIC INFORMATION CONCERNING THE SETTLEMENT**

| 1. | **Why did I receive notice of the Settlement?** |
|---|---|

You or someone in your family may have purchased or acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive (the Class Period). **RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | **What is this case about?** |
|---|---|

This settlement resolves the case known as *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). The operative Second Amended Complaint alleges that the registration statement and prospectus for GigaCloud's August 2022 initial public offering (the "IPO") contained untrue statements of material facts, and/or omitted to state material facts required to be stated therein about GigaCloud's artificial intelligence capabilities and/or activity on its e-commerce marketplace. The Second Amended Complaint also alleges that certain Defendants made materially false and misleading statements about activity on GigaCloud's e-commerce marketplace that artificially inflated the price of GigaCloud Stock during the Class Period and that, when the true facts were revealed, the artificial inflation was removed from the price of GigaCloud Stock, causing the price to drop and damage to members of the Settlement Class.

On January 27, 2025, the Court issued an order (1) granting in part and denying in part GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint, and (2) denying Chen's motion to dismiss the Second Amended Complaint. Specifically, the Court dismissed all claims that Defendants made misrepresentations and/or omissions of material fact about activity on GigaCloud's e-commerce marketplace, and found that Co-Lead Plaintiffs sufficiently alleged that the registration statement and prospectus for the IPO contained certain misrepresentations and/or omissions of material fact about GigaCloud's artificial intelligence capabilities. The Court did not finally decide in favor of Co-Lead Plaintiffs or Settling Defendants and there has been no trial. Instead, both sides agreed to a settlement.

Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action and maintain that the Company's disclosures were true and correct in all material respects. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Settling Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Co-Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Co-Lead Plaintiffs and Settling Defendants do not agree about the merits of Co-Lead Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Co-Lead Plaintiffs were to prevail at trial on each claim. The issues on which Co-Lead Plaintiffs and the Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities laws; (2) whether Settling Defendants had a duty to disclose the allegedly omitted information; (3) whether the Settling Defendants acted with scienter; (4) whether Settling Defendants' alleged misstatements and omissions caused any damages to investors; (5) the amount of alleged damages, if any, that could be recovered at trial; and 6) whether Co-Lead Plaintiffs would have prevailed on any appeal of the District Court's dismissal of the claims that Defendants made misrepresentations and/or omissions of material fact about activity on GigaCloud's e-commerce marketplace.

This matter has not gone to trial and the Court has not decided in favor of either Co-Lead Plaintiffs or Settling Defendants. Instead, Co-Lead Plaintiffs and Settling Defendants have agreed to settle the case. Co-Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Settling Defendants. Among the reasons that Co-Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Co-Lead Plaintiffs' allegations were found to be true, the total amount of damages to which class members would be entitled could be substantially reduced. For the avoidance of doubt, Settling Defendants believe that the alleged claims are without merit, maintain that the Company's disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case solely to avoid the expense and potential distraction of litigation.

EXHIBIT A-1

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement Class?** |

The Settlement Class is all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive.

Check your investment records or contact your broker to see if you have any eligible securities. The Parties do not independently have access to your trading information.

| 6. | **Are there exceptions to being included?** |

Yes. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v); and (vii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

| 7. | **What if I am still not sure if l am included?** |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____ or at _____ or by visiting the website www._____, or you can fill out and return the Claim Form available at www._____, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the Settlement provide?** |

The proposed Settlement provides for Settling Defendants to pay, or cause the payment of, $2,750,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable Litigation Expenses to Plaintiffs' Counsel, and compensatory awards to Co-Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | **How much will my payment be?** |

Your share of the Net Settlement Fund will depend on several factors, including (i) when you purchased or otherwise acquired GigaCloud Stock, and the price at the time of purchase or acquisition; (ii) whether you sold GigaCloud Stock and, if so, when and for how much; (iii) the

6

Recognized Losses of timely and valid claims submitted by other Settlement Class Members; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, expenses, and compensatory awards to Co-Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your recognized claim by following the instructions in the proposed Plan of Allocation at page __ of this Notice.

It is unlikely that you will get a payment for all of your recognized claim. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your proportional share of the Recognized Losses of timely and valid claims submitted by all Authorized Claimants.

### HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at www.____ or submitted online using the website claim portal. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received **no later than _____, 2025**. The Claim Form may be submitted online at www.____ or mailed to:

[INSERT]
c/o [INSERT ADMIN]
[INSERT ADDRESS]
[INSERT ADDRESS]
Telephone: [INSERT]
[INSERT EMAIL]

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on ____, 2025 at _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class by the _____, 2025 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. It also means you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The judgment will dismiss with prejudice the claims against the Released Defendant Parties and will provide that, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

"Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Co-Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action, including, for the avoidance of doubt, all claims already dismissed by the Court's order dated January 27, 2025, granting in part and denying in part Defendants GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint (ECF Nos. 95-97); or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to both (i) the allegations, transactions, facts, activities, matters or occurrences, conduct, representations, or omissions involved, set forth, or referred to in the Action and (ii) the purchase or acquisition of GigaCloud Stock during the Class Period. Released Plaintiffs' Claims shall not include claims to enforce the Settlement.

"Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling Persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

8

"Unknown Claims" means any and all Released Plaintiffs' Claims that Co-Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Co-Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Co-Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Co-Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Co-Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

This means you and all other Settlement Class Members and each of your respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties. You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered as a result of your purchase or acquisition of GigaCloud Stock during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.____.

9

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must mail a letter stating that you request to be "excluded from the Settlement Class in *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." To be valid, the letter must state (A) your name, address, telephone number, and email address (if any); and (B) the number of shares of GigaCloud Stock that you (i) owned as of the opening of trading on August 18, 2022 and as of the close of trading on August 20, 2024 and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, inclusive, as well as the dates and prices for each such purchase, acquisition and sale, and to submit documentary proof of such ownership and such purchase, acquisition, and/or sale transactions. In order to be valid, a request for exclusion must be submitted with documentary proof of such ownership and such purchase, acquisition, and/or sale transactions. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request so that it is **received no later than _____, 2025 at**:

INSERT]
c/o [INSERT ADMIN]
[ADDRESS]
[ADDRESS]

You cannot exclude yourself by telephone or by email. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2025.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel to the Settlement Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Pomerantz LLP and The Rosen Law Firm, P.A. is provided above.

| 17. | **How will the lawyers be paid?** |
|---|---|

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be paid for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be paid for their litigation expenses except from the Settlement Fund. Therefore, Co-Lead Counsel will file a motion, on behalf of themselves, Portnoy Law Firm, and The Schall Law Firm prior to the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.4% of the Settlement Fund, equaling $918,500 plus interest, plus payment of litigation expenses of no more than $130,000 and compensatory awards to Co-Lead Plaintiffs of no more than $15,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**OBJECTING TO THE SETTLEMENT AND RELATED MATTERS**

| 18. | **How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?** |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Co-Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses in "*In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." You must include (1) your name, address, telephone number, email address, and your signature; (2) the number of shares of GigaCloud Stock that the objector (i) owned as of the opening of trading on August 18, 2022 and close of trading on August 20, 2024, and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, as well as the dates and prices for each such purchase, acquisition and sale, and documents showing such ownership and trading; and (3) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention. If you are represented by counsel, you must also provide the name, address and

telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; the number of times you and your counsel has filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to participate in the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

All written objections and supporting papers must be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, and **received by the Court or filed no later than _____, 2025.**

You must also mail or deliver copies of any objections, papers and briefs to **each** of the below such that they are **received no later than _____, 2025:**

| Co-Lead Counsel | Co-Lead Counsel | Counsel For Defendants |
|---|---|---|
| Jeremy A. Lieberman, Esq. | Laurence M. Rosen, Esq. | Jason C. Hegt, Esq. |
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. | LATHAM & WATKINS LLP |
| 600 Third Avenue, Floor 20 | 275 Madison Ave, 40th Floor | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10016 | New York, NY 10020 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing, either in person or remotely at the Court's discretion, on _____, 2025 at _____ ____.m. at the United States District Court, 40 Foley Square, Courtroom 1105, New York, NY, 10007.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and compensatory awards to Co-Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it remotely, without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or the Settlement website, www._____, beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated June 16, 2025. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern everything in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense

Application, and obtain answers to common questions regarding the proposed Settlement by visiting www._____ or by contacting the Claims Administrator toll-free at _____.

| 25. | **How do I get more information about the case?** |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the proposed Settlement, please see the Stipulation. More information about the matters involved in the Action, including, among other documents, copies of the Stipulation and Claim Form, is available at www.___. For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files system at https://www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.  The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Co-Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions at issue in this Action. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website www._____.com. Settling Defendants had no role in the preparation of the Plan of Allocation.

2.  The Action alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") with respect to purchases or acquisitions of GigaCloud Stock during the period from August 18, 2022 through May 22, 2024, inclusive (the "Class Period"). It also alleges claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") with respect to GigaCloud Stock purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with the Company's initial public offering ("IPO").[2] For purposes of the Securities Act claims, purchases or acquisitions of GigaCloud Stock in the IPO and during the period from August 18, 2022 through February 14, 2023, inclusive, shall be considered purchases pursuant to or traceable to the Registration Statement.[3]

3.  The Recognized Loss under the Exchange Act will be calculated as set forth below in "Calculation of Recognized Loss Per Share Under the Exchange Act." The Recognized Loss under the Securities Act will be calculated as set forth below in "Calculation of Recognized Loss Per

---

[2] GigaCloud's Class A common stock was listed on the NASDAQ Global Market and began trading under the ticker symbol "GCT" on August 18, 2022. The Company's IPO consisted of 3,381,000 shares of Class A common stock, priced at $12.25 per share.

[3] February 14, 2023 was the end of the 180-day lockup period following the Company's IPO.

14

Share Under the Securities Act." For shares of GigaCloud Stock eligible for a recovery under both the Securities Act and the Exchange Act, the Recognized Loss shall be the greater of: (i) the Recognized Loss under the Securities Act; or (ii) the Recognized Loss under the Exchange Act.

4.    The calculation of Recognized Loss will depend upon several factors, including when and in what amounts GigaCloud Stock was purchased or otherwise acquired, whether those shares were sold, and if sold, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered at trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will make its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

5.    With respect to Securities Act claims, the Recognized Loss will generally be calculated in accordance with the statutory measure of damages. For shares sold before the Securities Act claims were first alleged in this Action, the Recognized Loss is the difference between the purchase price (not to exceed the IPO offering price of $12.25) and the sale price. For shares held or sold on or after the date the claims were first alleged, the Recognized Loss is the difference between the purchase price (not to exceed $12.25) and the value of the stock at the time the claims were first alleged.

6.    With respect to Exchange Act claims, Co-Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which artificially inflated the price of GigaCloud Stock. Co-Lead Plaintiffs further allege that corrective disclosures removed the artificial inflation from the stock price on September 28, 2023 and May 22, 2024 (the "Corrective Disclosure Dates"). The estimated alleged artificial inflation during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation is based on the misrepresentations alleged by Co-Lead Plaintiffs and the decline in the price of the stock, net of market- and industry-wide factors, on the Corrective Disclosure Dates.  In order to have recoverable damages under the Exchange Act, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of GigaCloud Stock.  Accordingly, if GigaCloud Stock was sold before September 28, 2023 (the earliest Corrective Disclosure Date), the Recognized Loss for those shares is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if GigaCloud Stock was both purchased and sold between the Corrective Disclosure Dates, the Recognized Loss for those shares is $0.00.

| Table 1 Artificial Inflation in GigaCloud Stock Under the Exchange Act | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| August 18, 2022 | September 27, 2023 | $3.41 |
| September 28, 2023[4] | May 21, 2024 | $1.60 |

---

[4] The alleged disclosure of information which allegedly corrected a misleading statement or omission on September 28, 2023, occurred at approximately 9:51 a.m. ET.  Purchases and sales of GigaCloud Stock on September 28, 2023 at a price at or above $8.96 shall be considered to have

| May 22, 2024 | Thereafter | $0.00 |
|---|---|---|

7.   The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for GigaCloud Stock under the Exchange Act. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares of GigaCloud Stock purchased or acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for GigaCloud Stock and the average price of GigaCloud Stock during the 90-Day Lookback Period. The Recognized Loss on GigaCloud Stock purchased or acquired during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for GigaCloud Stock and the rolling average price of GigaCloud Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

8.   In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in GigaCloud Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share Under the Exchange Act**

9.   For each share of GigaCloud Stock purchased or otherwise acquired during the Class Period (i.e., August 18, 2022 through May 22, 2024, inclusive), the Recognized Loss per share under the Exchange Act shall be calculated as follows:

I.   For each share of GigaCloud Stock purchased/acquired during the period August 18, 2022 through May 21, 2024, inclusive,

   i.   that was sold prior to September 28, 2023, at 9:51 a.m. ET, the Recognized Loss is $0.

   ii.   that was sold during the period September 28, 2023, at 9:51 a.m. ET, through May 21, 2024, inclusive, the Recognized Loss is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale.

   iii.   that was sold during the period May 22, 2024 through August 19, 2024, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

      a.   the amount of per-share price inflation on the date of purchase as appears in

---

occurred prior to the alleged corrective disclosure that day, at $3.41 per-share price inflation. Purchases and sales of GigaCloud Stock on September 28, 2023 at a price below $8.96 shall be considered to have occurred after the alleged corrective disclosure that day, at $1.60 per-share price inflation.

Table 1 above; or

    b.    the purchase/acquisition price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iv.    that was still held as of the close of trading on August 19, 2024, the Recognized Loss is *the lesser of*:

    a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.    the purchase/acquisition price *minus* the average closing price for GigaCloud Stock during the 90-Day Lookback Period, which is $29.01.

II.  For each share that was purchased/acquired on or after May 22, 2024, the Recognized Loss is $0.00.

| Table 2 90-Day Lookback Values for Exchange Act Claims | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/22/2024 | $29.83 | 6/24/2024 | $31.08 | 7/24/2024 | $30.67 |
| 5/23/2024 | $31.09 | 6/25/2024 | $31.01 | 7/25/2024 | $30.58 |
| 5/24/2024 | $31.58 | 6/26/2024 | $30.95 | 7/26/2024 | $30.53 |
| 5/28/2024 | $31.34 | 6/27/2024 | $30.91 | 7/29/2024 | $30.49 |
| 5/29/2024 | $31.42 | 6/28/2024 | $30.89 | 7/30/2024 | $30.45 |
| 5/30/2024 | $31.23 | 7/1/2024 | $30.93 | 7/31/2024 | $30.43 |
| 5/31/2024 | $31.22 | 7/2/2024 | $30.95 | 8/1/2024 | $30.37 |
| 6/3/2024 | $31.39 | 7/3/2024 | $30.98 | 8/2/2024 | $30.27 |
| 6/4/2024 | $31.38 | 7/5/2024 | $31.02 | 8/5/2024 | $30.16 |
| 6/5/2024 | $31.44 | 7/8/2024 | $31.04 | 8/6/2024 | $30.07 |
| 6/6/2024 | $31.32 | 7/9/2024 | $31.05 | 8/7/2024 | $29.94 |
| 6/7/2024 | $31.26 | 7/10/2024 | $31.07 | 8/8/2024 | $29.83 |
| 6/10/2024 | $31.31 | 7/11/2024 | $31.08 | 8/9/2024 | $29.70 |
| 6/11/2024 | $31.43 | 7/12/2024 | $31.06 | 8/12/2024 | $29.57 |
| 6/12/2024 | $31.49 | 7/15/2024 | $31.02 | 8/13/2024 | $29.46 |
| 6/13/2024 | $31.51 | 7/16/2024 | $31.01 | 8/14/2024 | $29.34 |
| 6/14/2024 | $31.49 | 7/17/2024 | $30.97 | 8/15/2024 | $29.22 |
| 6/17/2024 | $31.41 | 7/18/2024 | $30.92 | 8/16/2024 | $29.11 |
| 6/18/2024 | $31.34 | 7/19/2024 | $30.86 | 8/19/2024 | $29.01 |

| 6/20/2024 | $31.25 | 7/22/2024 | $30.80 | N/A | N/A |
|---|---|---|---|---|---|
| 6/21/2024 | $31.16 | 7/23/2024 | $30.75 | N/A | N/A |

### Calculation of Recognized Loss Per Share Under the Securities Act

For each share of GigaCloud Stock purchased or otherwise acquired pursuant or traceable to the IPO, the Recognized Loss per share under the Securities Act shall be calculated as follows:

i.   For each share sold prior to October 4, 2023 (i.e., the date Securities Act claims were first alleged in this Action), the Recognized Loss is the purchase price (not to exceed $12.25) *minus* the sale price.

ii.  For each share sold on or after October 4, 2023, the Recognized Loss is the purchase price (not to exceed $12.25) *minus* the greater of: (a) the sale price; or (b) $8.94.[5]

iii. For each share held as of October 4, 2023 and not subsequently sold, the Recognized Loss is the purchase price (not to exceed $12.25) *minus* $8.94.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of GigaCloud Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired GigaCloud Stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Shares of GigaCloud Stock acquired through the exercise, conversion, or exchange of non-publicly traded securities of GigaCloud are not eligible to participate in the Settlement.

Notwithstanding any of the above, receipt of GigaCloud Stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of GigaCloud Stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales of GigaCloud Stock will be matched against previous purchases/acquisitions of GigaCloud Stock in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has

---

[5] $8.94 is the closing price of GigaCloud Stock on October 4, 2023.

a short position in GigaCloud Stock, the earliest subsequent purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of stock acquired through the exercise of a publicly traded option on GigaCloud Stock[6] shall be computed as provided for other purchases of GigaCloud Stock in the Plan of Allocation.

A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation at p. __ for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.

Settling Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Co-Lead Plaintiffs and Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of

---

[6] Including (1) purchases of GigaCloud Stock as the result of the exercise of a call option, and (2) purchases of GigaCloud Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

19

EXHIBIT A-1

such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a private, non-profit, non-sectarian 501(c)(3) organization identified by Co-Lead Counsel and approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, from August 18, 2022 through May 22, 2024, both dates inclusive, you purchased and/or sold GigaCloud Stock for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased and/or sold GigaCloud Stock during such time period or (b) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $__ per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Postcard Notices mailed by nominees; or $__ per mailing record and email address provided to the Claims Administrator. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page ____ above.

DATED: _____, 2025                    BY ORDER OF THE UNITED STATES
                                             DISTRICT COURT FOR THE SOUTHERN
                                             DISTRICT OF NEW YORK

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**PROOF OF CLAIM AND RELEASE**

**A. GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.  Claimants are responsible for establishing their eligibility to recover.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____ NO LATER THAN _____, 2025 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS**:

*GigaCloud Technology Inc. Securities Settlement*
c/o _____
P.O. Box ____

_____

---

[1] All capitalized terms used in this Claim Form that are not otherwise defined have the meanings given to them in the Stipulation and Agreement of Settlement dated June 16, 2025 (the "Stipulation"), which is available at www.____.

____
www._____

4.      If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class in response to the Notice dated ____, 2025, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

## B.  CLAIMANT IDENTIFICATION

1.      You are eligible to file a claim, or have a legal representative file a claim for you, if you are a member of the Settlement Class, which is: all persons and entities who or that purchased or otherwise acquired GigaCloud Stock[2] during the period from August 18, 2022 to May 22, 2024, both dates inclusive.[3] Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v); and (vii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      If you purchased or acquired GigaCloud Stock in your name, you were the record owner as well as the beneficial owner.  However, if you purchased or acquired GigaCloud Stock through a third party, such as a brokerage firm, you were the beneficial owner and the third party was the record owner.

3.      Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of GigaCloud Stock whose purchase or acquisition forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).  All joint owners must sign this claim.

4.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by

---

[2] "GigaCloud Stock" means GigaCloud's Class A ordinary shares.

[3] Only shares of GigaCloud Stock purchased or otherwise acquired during the Settlement Class Period are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-Day Lookback Period" (described in the Plan of Allocation), sales of GigaCloud Stock through the close of trading on August 19, 2024 will be used for purposes of calculating certain Recognized Loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your Recognized Loss and balance your claim, the requested purchase and sale information during this period must also be provided.

2

them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use **Part II** of this form entitled "Schedule of Transactions in GigaCloud Stock" to supply all required details of your transaction(s) in GigaCloud Stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases, sales, and tenders/cancellations/exchanges of GigaCloud Stock at the relevant times, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      Copies of broker confirmations or other documentation of your transactions in GigaCloud Stock must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE CLAIMS ADMINISTRATOR DOES NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN GIGACLOUD STOCK.**

4.      NOTICE REGARDING ELECTRONIC FILING: Certain claimants with large numbers of transactions may request, either personally or through a legal representative ("Representative Filers"), to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Settlement website. All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (___) __-___ or __@___.com to obtain the required electronic spreadsheet for reporting your transactions. The Claims Administrator may also request that claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## <u>PART I – CLAIMANT INFORMATION</u>

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| |
|---|
| Beneficial Owner Name |
| Co-Beneficial Owner Name |

3

| Address 1 (Street Name and Number) | | |
|---|---|---|
| Address 2 (apartment, unit, or box number) | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Telephone Number (home) | Telephone Number (work) | |
| Email Address | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)     ☐ Pension Plan     ☐ Trust
- ☐ Corporation     ☐ Estate
- ☐ IRA/401K     ☐ Other _____ (please specify)

## PART II – SCHEDULE OF TRANSACTIONS IN GIGACLOUD STOCK

| **1. HOLDINGS AS OF AUGUST 18, 2022** – State the total number of shares of GigaCloud Stock held as of the opening of trading on August 18, 2022. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES FROM AUGUST 18, 2022 THROUGH AUGUST 19, 2024, INCLUSIVE.** Separately list each and every purchase of GigaCloud Stock from after the opening of trading on August 18, 2022 through and including the close of trading on August 19, 2024. (Must be documented.) | | | | |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| **3. SALES FROM AUGUST 18, 2022 THROUGH AUGUST 19, 2024, INCLUSIVE** – Separately | | | | **IF NONE, CHECK** |

4

| list each and every sale of GigaCloud Stock from after the opening of trading on August 18, 2022 through and including the close of trading on August 19, 2024. (Must be documented.) | | | | **HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **4. HELD AS OF AUGUST 19, 2024** – State the total number of shares of GigaCloud Stock held at the close of trading on August 19, 2024. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW. FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.  I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated ___, 2025 (the "Stipulation"). I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in the Action covering the same transactions in GigaCloud Stock during the relevant periods and know of no other person having done so on my (our) behalf.

2.  I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

3.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and

5

all of the Released Defendant Parties, both as defined in the Stipulation. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in GigaCloud Stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
   (Month / Year)         (City)         (State/Country)

_____        _____
Signature of Claimant                    Signature of Joint Claimant, if any

_____        _____
Print Name of Claimant                   Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new

6

Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

address to:

*GigaCloud Technology Inc Securities Settlement*
c/o _____
P.O. Box _____

_____
_____
www._____
(___) ___-___

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or that purchased or otherwise acquired Class A
ordinary shares of GigaCloud Technology Inc ("GigaCloud") during the period from
August 18, 2022 to May 22, 2024, both dates inclusive (the "Class Period"), and were
allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New

York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the

proposed Settlement Class, and GigaCloud, Larry Lei Wu, Xin Wan, Kwok Hei David Lau,

Zhiwu Chen, Thomas Liu, and Aegis Capital Corp (collectively, the "Settling Defendants"), have

reached a proposed settlement of the claims in the above-captioned class action (the "Action") in

the amount of $2,750,000 (the "Settlement").

A hearing will be held before the Honorable Jesse M. Furman either in person or

remotely, at the Court's discretion, on _____, 2025, at ____ ___.m. in Courtroom 1105 of

the United States District Court for the Southern District of New York, Thurgood Marshall

United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to

determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 16, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www._____. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www._____ or by contacting the Claims Administrator at:

*GigaCloud Technology Inc Securities Settlement*
c/o _____
_____
_____
_____
(___) ___-____

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

<table>
<tr><td align="center"><b>POMERANTZ LLP</b><br>Jeremy A. Lieberman, Esq.<br>Jonathan D. Park, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>www.pomlaw.com<br>(212) 661-1100</td><td align="center"><b>THE ROSEN LAW FIRM, P.A.</b><br>Laurence M. Rosen, Esq.<br>Brian B. Alexander, Esq.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>www.rosenlegal.com<br>(212) 686-1060</td></tr>
</table>

2

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2025.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than _____ __, 2025.*  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than _____ __, 2025*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2025          BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3

EXHIBIT A-4

In re GigaCloud Technology Inc Securities Litigation
c/o _____
[Insert]
[Insert]
[Insert]

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re GigaCloud Technology Inc Securities Litigation*, Case No. 1:23-cv-10645-JMF (S.D.N.Y.)

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW._____ FOR MORE INFORMATION.*

There has been a proposed settlement of claims against GigaCloud Technology Inc ("GigaCloud"), Larry Lei Wu, Xin Wan, Kwok Hei David Lau, Zhiwu Chen, Thomas Liu, Frank Lin, Xing Huang, Binghe Guo, and Aegis Capital Corp. (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Co-Lead Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about GigaCloud between August 18, 2022 and May 22, 2024, both dates inclusive (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing, maintain that their disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case solely to avoid the expense and potential distraction of litigation. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired GigaCloud Class A ordinary shares during the Class Period.

Defendants have agreed to pay a settlement amount of $2,750,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www._____.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in GigaCloud Class A ordinary shares. If every eligible Class Member submits a valid Proof of Claim form, the average recovery will be $0.10 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www._____ or will be mailed to you upon request to the Claims Administrator. **Proof of Claim forms must be submitted online or postmarked by _____**. If you do not want to be legally bound by the settlement, you must exclude yourself by _____, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection.

The Court will hold a hearing in this Action on _____, to consider whether to approve the proposed settlement and the request made by the lawyers representing Co-Lead Plaintiffs and the Class for attorneys' fees up to 33.4% of the Settlement Fund, plus actual expenses and compensatory awards up to $145,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (_____) or visit the website www._____ and read the detailed Notice.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS:**

A.      As of June 16, 2025, Co-Lead Plaintiffs Sashi Rajan ("Rajan") and Meir Spear ("Spear", and collectively with Rajan, "Co-Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and GigaCloud Technology Inc ("GigaCloud" or the "Company"), Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), and Aegis Capital Corp. ("Aegis") (collectively, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2025, at ___:00 ___.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided

for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Postcard Notice, substantially in the forms attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form") be posted on the Settlement website, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and once over a national newswire service within fourteen (14) calendar days of the Notice Date;

D.      The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2025;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On _____, 2025, Co-Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _____, 2025, at which time all interested Persons were afforded the opportunity to be heard; and

2

G.    This Court has duly considered Co-Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.    **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2025; and (ii) the Notice, which was filed with the Court on _____, 2025.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.    **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including all Settlement Class Members.

3.    **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); and (vi) the legal

representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v).  [Also excluded from the Settlement Class are those persons or entities, listed on the annexed Exhibit A, who or which have submitted a request for exclusion from the Settlement Class that is timely and valid or is otherwise accepted by the Court.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Rajan and Spear as Class Representatives for the Settlement Class; and finally appoints the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.

5.      **Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, Postcard Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      **Objections**.  [There have been no objections to the Settlement.]

4

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Second Amended Class Action Complaint (the "Second Amended Complaint"), filed on June 28, 2024, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    **Releases**.  The releases set forth in Paragraphs 4 and 5 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.

11.    Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, each of the Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

6

12.     Notwithstanding Paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Settling Defendants, Co-Lead Plaintiffs, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14.     **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Co-Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or

7

admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Co-Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Co-Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Co-Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Co-Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     **Modification of the Stipulation**.  Without further approval from the Court, Co-Lead Plaintiffs and Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

## Approval of the Plan of Allocation

17.     Copies of the Postcard Notice, which directed recipients to the Notice, which included the proposed Plan of Allocation, were mailed to more than _____ potential Settlement Class Members and nominees.  Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice was directed to Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the proposed Plan of Allocation, and of their right to object thereto, and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Plan of Allocation.  [There were no objections to the Plan of Allocation.]

18.     The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of claimants and distribution of the Net Settlement Fund, which was set forth in the Notice disseminated to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among eligible Settlement Class Members.  The Court hereby approves the Plan of Allocation.

9

19.     The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

**Co-Lead Counsel's Fee and Expense Application**

20.     Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

21.     [There were no objections to the application for attorneys' fees or expenses.]

22.     Co-Lead Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $_____, plus interest at the same rate earned by the Settlement Fund, and $_____ in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable.  The award of attorneys' fees and Litigation Expenses may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

23.     In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has found that:

10

(a)    The Settlement has created a common fund of $2,750,000 in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b)    The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Co-Lead Plaintiffs, who oversaw the prosecution and resolution of the Action;

(c)    Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d)    The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)    Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)    Plaintiffs' Counsel have devoted _____ hours, with a lodestar value of $_____, to achieve the Settlement;

(g)    The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards made within this District; and

(h)    Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation.

24.    Co-Lead Plaintiff Sashi Rajan is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

11

25.     Co-Lead Plaintiff Meir Spear is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

26.     The Court's approval of the Fee and Expense Application is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

27.     The Parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

28.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

29.     **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with Paragraph 48 of the Stipulation.

30.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2025

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

13

# EXHIBIT A

14