# EXHIBIT A
# Part 1 of 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.     I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over eighteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action settlements since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.     Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Aprroval of Settlement, dated June 20, 2025 (ECF No. 139, the "Preliminary Approval Order"), SCS was approved as the Claims Administrator.[1]  I submit this declaration in order to provide the Court and the Parties with information regarding the mailing of the Postcard Notice to potential

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and Agreement of Settlement, dated as of June 16, 2025 (ECF No. 137, the "Stipulation").

Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      On July 7, 2025, ten business days after the Preliminary Approval Order, SCS sent the Depository Trust Company ("DTC") the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form (the "Claim Form") (collectively, the "Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS").  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers/owners whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers/owners.  The names and addresses of these beneficial purchasers/owners are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,049 banks and brokerage companies ("Nominee Account Holders"), as well as 1,415 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On July 7, 2025, SCS caused a letter to be mailed or e-mailed to the 2,464 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within ten (10) calendar days from the date of the letter, they either: (a) request from SCS sufficient copies of the Postcard Notice to send to each of their customers who may be beneficial purchasers/owners, and within ten (10) calendar days after receipt of the copies of the Postcard Notice, mail them to such beneficial owners; or (b) provide

SCS with a list of the names, mailing addresses, and e-mail addresses, to the extent e-mail addresses were available, of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or e-mail the links to the Postcard Notice and the Notice and Claim Form on the Settlement Website directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 21 individuals and/or entities identified in the transfer records that were provided to SCS by Co-Lead Counsel. These records reflect the individuals and/or entities that purchased or otherwise acquired GigaCloud Technology Inc. ("GigaCloud") Class A ordinary shares between August 18, 2022 and May 22, 2024, both dates inclusive (the "Class Period").   The transfer record mailing was completed on July 7, 2025.  Following this mailing, SCS received 6,977 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from two nominees for Postcard Notices so that the nominees could forward them to 90,545 of their clients who were potential Settlement Class Members, and three nominees notified SCS that they mailed a total of 265 Postcard Notices to their clients who were potential Settlement Class Members.  To date, 97,808 Postcard Notices have been mailed to potential Settlement Class Members[2].  **Exhibit C** is a copy of the Postcard Notice.

6.      Additionally, SCS received 49,688 e-mail addresses for potential Settlement Class Members from individuals or nominees requesting that SCS e-mail the links to the Postcard Notice and the Notice and Claim Form on the Settlement Website to these potential Settlement Class

---

[2] SCS received three requests from potential Settlement Class Members for the Notice and Claim Form to be mailed to them.  SCS immediately mailed the Notice and Claim Form to the potential Settlement Class Members.

Members.  To date, 49,688 e-mails containing the links to the Postcard Notice and the Notice and Claim Form have been sent to potential Settlement Class Members.

7.      In total, 147,496 notices (either via mailed Postcard Notice or e-mailed links to the Postcard Notice and the Notice and Claim Form) were sent to potential Settlement Class Members by SCS or nominees.

## PUBLICATION OF THE SUMMARY NOTICE

8.      Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorney's Fees and Expenses (the "Summary Notice") was published once in *Investor's Business Daily* and once electronically nationally over *GlobeNewswire* on July 21, 2025.  The confirmations of publication are attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

9.      SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement, as well as request a copy of the Notice and Claim Form.  SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

10.     On July 7, 2025, SCS established a case-specific website dedicated to the Settlement at www.gigacloudsecuritiessettlement.com ("Settlement Website").  The Settlement Website is accessible 24 hours a day, 7 days a week, allows for online claim filing, and provides instructions and a claims filing template for institutional investors.  The Settlement Website contains a home page; an important document page with downloadale versions of the Notice and

4

Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits. To date, the Settlement Website has received 9,169 pageviews from 2,596 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

11.     The Postcard Notice, Notice, Summary Notice, and Settlement Website informed Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than September 18, 2025. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has received no requests for exclusion.

12.     The Postcard Notice, Notice, Summary Notice, and Settlement Website further informed Settlement Class Members seeking to object to the proposed Settlement, the Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses are required to submit their objection in writing such that the request is filed with or received by the Clerk of the Court, as well as Co-Lead Counsel and Counsel for Defendants, no later than September 18, 2025. As of the date of this declaration, SCS has neither received any misdirected objections nor been notified that any objections were received.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of September 2025, in Media, Pennsylvania.

_____
Margery Craig

5

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or acquired GigaCloud Technology Inc ("GigaCloud" or the "Company") Class A ordinary shares ("GigaCloud Stock") during the period from August 18, 2022 through May 22, 2024, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on October 9, 2025 at 3:30 p.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $2,750,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, expenses, compensatory awards to Co-Lead Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to persons and entities who purchased GigaCloud Stock during the Class Period, and who submit eligible Claim Forms.
- Based on Co-Lead Plaintiffs' consulting damages expert's estimate of approximately 26.3 million shares of GigaCloud Stock that may have been affected by the conduct alleged in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average gross recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is approximately $0.10 per share. Settlement Class Members should note, however, that the foregoing average recovery is only an estimate. Settlement Class Members may recover more or less than this amount depending on, among other factors, when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much, and the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth below (*see* pages 10-13 below) or such other plan of allocation as may be approved by the Court.
- To claim your share of the Settlement, you must submit a valid Claim Form postmarked or submitted online by October 6, 2025.
- Attorneys for Co-Lead Plaintiffs and the Settlement Class, Pomerantz LLP and The Rosen Law Firm, P.A. ("Co-Lead Counsel"), intend to ask the Court to award them and additional counsel Portnoy Law Firm and The Schall Law Firm (together "Plaintiffs' Counsel") fees of up to 33.4% of the Settlement Amount, plus interest, and payment of up to $130,000 in litigation expenses and up to $15,000 in total in compensatory awards to Co-Lead Plaintiffs, pursuant to the Private Securities Action Reform Act of 1995 ("PSLRA"). Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, litigation expenses and compensatory awards to Co-Lead Plaintiffs are estimated to average approximately $0.04 per share. If approved by the Court, these amounts will be paid from the Settlement Fund.
- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.06 per share. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual

---

[1] All capitalized terms used in this Notice that are not otherwise defined have the meanings given to them in the Stipulation and Agreement of Settlement, dated June 16, 2025 (the "Stipulation"), which is available at www.gigacloudsecuritiessettlement.com.

recovery, if any, will depend on, among other things, when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much, and the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms.

- The Settlement resolves the Action and claims that GigaCloud, Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), Frank Lin ("Lin"), Xing Huang ("Huang"), Binghe Guo ("Guo"), and Aegis Capital Corp. ("Aegis") (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, GigaCloud's artificial intelligence capabilities and activity on GigaCloud's e-commerce marketplace. Lin, Huang, and Guo have not appeared in the Action, GigaCloud, Wu, Wan, Lau, Chen, Liu, and Aegis ("Settling Defendants") have entered into the Stipulation with Co-Lead Plaintiffs (collectively, the "Parties"). Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Co-Lead Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Co-Lead Plaintiffs or the Settlement Class have suffered damages or that Co-Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.
- The Settling Parties disagree on how much money, if any, could have been won if Co-Lead Plaintiffs prevailed on each of their claims.
- For Co-Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery (including foreign discovery), the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Settling Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the sole reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.
- If you are a member of the Settlement Class, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before October 6, 2025** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before September 18, 2025** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before September 18, 2025** |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before September 18, 2025 to participate in the hearing on October 9, 2025.** |
| **DO NOTHING** | Get no payment. Give up your rights. |

2

**INQUIRIES**

**Please do not contact the Court, Defendants, Defendants' Counsel, or the Office of the Clerk of Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| *In re GigaCloud Technology Inc Securities Settlement* Strategic Claims Services P.O. Box 230 600 N, Jackson St., Ste. 205 Telephone: (866) 274-4004 Facsimile: (610) 565-7985 info@strategicclaims.net | Jeremy A. Lieberman, Esq. Jonathan D. Park, Esq. POMERANTZ LLP 600 Third Ave, Floor 20 New York, NY 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 jalieberman@pomlaw.com jpark@pomlaw.com | Laurence M. Rosen, Esq. Brian B. Alexander, Esq. THE ROSEN LAW FIRM, P.A. 275 Madison Ave, 40th Floor New York, NY 10016 Telephone: (212) 686-1060 Facsimile: (212) 202-3827 lrosen@rosenlegal.com balexander@rosenlegal.com |
|---|---|---|

**BASIC INFORMATION CONCERNING THE SETTLEMENT**

| 1. | **Why did I receive notice of the Settlement?** |
|---|---|

You or someone in your family may have purchased or acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive (the Class Period). **RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | **What is this case about?** |
|---|---|

This settlement resolves the case known as *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). The operative Second Amended Complaint alleges that the registration statement and prospectus for GigaCloud's August 2022 initial public offering (the "IPO") contained untrue statements of material facts, and/or omitted to state material facts required to be stated therein about GigaCloud's artificial intelligence capabilities and/or activity on its e-commerce marketplace. The Second Amended Complaint also alleges that certain Defendants made materially false and misleading statements about activity on GigaCloud's e-commerce marketplace that artificially inflated the price of GigaCloud Stock during the Class Period and that, when the true facts were revealed, the artificial inflation was removed from the price of GigaCloud Stock, causing the price to drop and damage to members of the Settlement Class.

On January 27, 2025, the Court issued an order (1) granting in part and denying in part GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint, and (2) denying Chen's motion to dismiss the Second Amended Complaint. Specifically, the Court dismissed all claims that Defendants made misrepresentations and/or omissions of material fact about activity on GigaCloud's e-commerce marketplace, and found that Co-Lead Plaintiffs sufficiently alleged that the registration statement and prospectus for the IPO contained certain misrepresentations and/or omissions of material fact about GigaCloud's artificial intelligence capabilities. The Court did not finally decide in favor of Co-Lead Plaintiffs or Settling Defendants and there has been no trial. Instead, both sides agreed to a settlement.

Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action and maintain that the Company's disclosures were true and correct in all material respects. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Settling Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Co-Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |

Co-Lead Plaintiffs and Settling Defendants do not agree about the merits of Co-Lead Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Co-Lead Plaintiffs were to prevail at trial on each claim. The issues on which Co-Lead Plaintiffs and the Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities laws; (2) whether Settling Defendants had a duty to disclose the allegedly omitted information; (3) whether the Settling Defendants acted with scienter; (4) whether Settling Defendants' alleged misstatements and omissions caused any damages to investors; (5) the amount of alleged damages, if any, that could be recovered at trial; and 6) whether Co-Lead Plaintiffs would have prevailed on any appeal of the District Court's dismissal of the claims that Defendants made misrepresentations and/or omissions of material fact about activity on GigaCloud's e-commerce marketplace.

This matter has not gone to trial and the Court has not decided in favor of either Co-Lead Plaintiffs or Settling Defendants. Instead, Co-Lead Plaintiffs and Settling Defendants have agreed to settle the case. Co-Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Settling Defendants. Among the reasons that Co-Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Co-Lead Plaintiffs' allegations were found to be true, the total amount of damages to which class members would be entitled could be substantially reduced. For the avoidance of doubt, Settling Defendants believe that the alleged claims are without merit, maintain that the Company's disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case solely to avoid the expense and potential distraction of litigation.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement Class?** |

The Settlement Class is all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive.

Check your investment records or contact your broker to see if you have any eligible securities. The Parties do not independently have access to your trading information.

| 6. | **Are there exceptions to being included?** |

Yes. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v); and (vii) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

| 7. | **What if I am still not sure if l am included?** |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or email at info@strategicclaims.net or by visiting the website www.gigacloudsecuritiessettlement.com, or you can fill out and return the Claim Form available at www.gigacloudsecuritiessettlement.com to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the Settlement provide?** |

The proposed Settlement provides for Settling Defendants to pay, or cause the payment of, $2,750,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable Litigation Expenses to Plaintiffs' Counsel, and compensatory awards to Co-Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining

(the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including (i) when you purchased or otherwise acquired GigaCloud Stock, and the price at the time of purchase or acquisition; (ii) whether you sold GigaCloud Stock and, if so, when and for how much; (iii) the Recognized Losses of timely and valid claims submitted by other Settlement Class Members; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, expenses, and compensatory awards to Co-Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your recognized claim by following the instructions in the proposed Plan of Allocation on pages 10-13 of this Notice.

It is unlikely that you will get a payment for all of your recognized claim. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your proportional share of the Recognized Losses of timely and valid claims submitted by all Authorized Claimants.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at www.gigacloudsecuritiessettlement.com or submitted online using the website claim portal. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received **no later than October 6, 2025**. The Claim Form may be submitted online at www.gigacloudsecuritiessettlement.com or mailed to:

*In re GigaCloud Technology Inc Securities Settlement*
Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
info@strategicclaims.net

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on October 9, 2025 at 3:30 p.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class by the September 18, 2025 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. It also means you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The judgment will dismiss with prejudice the claims against the Released Defendant Parties and will provide that, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

5

"Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Co-Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action, including, for the avoidance of doubt, all claims already dismissed by the Court's order dated January 27, 2025, granting in part and denying in part Defendants GigaCloud, Wu, Lau, Wan, and Aegis's motion to dismiss the Second Amended Complaint (ECF Nos. 95-97); or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to both (i) the allegations, transactions, facts, activities, matters or occurrences, conduct, representations, or omissions involved, set forth, or referred to in the Action and (ii) the purchase or acquisition of GigaCloud Stock during the Class Period. Released Plaintiffs' Claims shall not include claims to enforce the Settlement.

"Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling Persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

"Unknown Claims" means any and all Released Plaintiffs' Claims that Co-Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Co-Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Co-Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Co-Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Co-Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

This means you and all other Settlement Class Members and each of your respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties. You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered as a result of your

6

purchase or acquisition of GigaCloud Stock during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.gigacloudsecuritiessettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must mail a letter stating that you request to be "excluded from the Settlement Class in *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." To be valid, the letter must state (A) your name, address, telephone number, and email address (if any); and (B) the number of shares of GigaCloud Stock that you (i) owned as of the opening of trading on August 18, 2022 and as of the close of trading on August 20, 2024 and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, inclusive, as well as the dates and prices for each such purchase, acquisition and sale, and to submit documentary proof of such ownership and such purchase, acquisition, and/or sale transactions. In order to be valid, a request for exclusion must be submitted with documentary proof of such ownership and such purchase, acquisition, and/or sale transactions. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request so that it is **received no later than September 18, 2025 at**:

*In re GigaCloud Technology Inc Securities Settlement*
Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

You cannot exclude yourself by telephone or by email. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **September 18, 2025.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel to the Settlement Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Pomerantz LLP and The Rosen Law Firm, P.A. is provided above.

| 17. | **How will the lawyers be paid?** |
|---|---|

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be paid for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be paid for their litigation expenses except from the Settlement Fund. Therefore, Co-Lead Counsel will file a motion, on behalf of themselves, Portnoy Law Firm, and The Schall Law Firm prior to the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.4% of the Settlement Fund, equaling $918,500 plus interest, plus payment of litigation expenses of no more than $130,000 and compensatory awards to Co-Lead Plaintiffs of no more than $15,000

in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| 18. | How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation? |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Co-Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses in "*In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." You must include (1) your name, address, telephone number, email address, and your signature; (2) the number of shares of GigaCloud Stock that the objector (i) owned as of the opening of trading on August 18, 2022 and close of trading on August 20, 2024, and (ii) purchased, acquired, and/or sold from August 18, 2022 through August 20, 2024, as well as the dates and prices for each such purchase, acquisition and sale, and documents showing such ownership and trading; and (3) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention. If you are represented by counsel, you must also provide the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; the number of times you and your counsel has filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to participate in the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

All written objections and supporting papers must be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, or, for users of the Court's Electronic Case Filing system, by that system, and **received by the Court or filed no later than September 18, 2025.** You must also mail or deliver copies of any objections, papers and briefs to **each** of the below such that they are **received no later than September 18, 2025:**

| Co-Lead Counsel | Co-Lead Counsel | Counsel For Defendants |
|---|---|---|
| Jeremy A. Lieberman, Esq. | Laurence M. Rosen, Esq. | Jason C. Hegt, Esq. |
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. | LATHAM & WATKINS LLP |
| 600 Third Avenue, Floor 20 | 275 Madison Avenue, 40th Floor | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10016 | New York, NY 10020 |

| 19. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will remotely hold a Settlement Hearing on October 9, 2025 at 3:30 p.m. To remotely join the hearing, call the Court's dedicated conference line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and compensatory awards to Co-Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it in person, without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or the Settlement website, www.gigacloudsecuritiessettlement.com beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re GigaCloud Technology Inc. Securities Litigation,* Case No. 1:23-cv-10645-JMF (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

**IF YOU DO NOTHING**

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

**GETTING MORE INFORMATION**

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated June 16, 2025. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern everything in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense Application, and obtain answers to common questions regarding the proposed Settlement by visiting www.gigacloudsecuritiessettlement.com or by contacting the Claims Administrator toll-free at (866) 274-4004.

| 25. | How do I get more information about the case? |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the proposed Settlement, please see the Stipulation. More information about the matters involved in the Action, including, among other documents, copies of the Stipulation and Claim Form, is available at www.gigacloudsecuritiessettlement.com. For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files system at https://www.pacer.gov.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

1.      The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Co-Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions at issue in this Action. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website www.gigacloudsecuritiessettlement.com. Settling Defendants had no role in the preparation of the Plan of Allocation.

2.      The Action alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") with respect to purchases or acquisitions of GigaCloud Stock during the period from August 18, 2022 through May 22, 2024, inclusive (the "Class Period"). It also alleges claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") with respect to GigaCloud Stock purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with the Company's initial public offering ("IPO").[2] For purposes of the Securities Act claims, purchases or acquisitions of GigaCloud Stock in the IPO and during the period from August 18, 2022 through February 14, 2023, inclusive, shall be considered purchases pursuant to or traceable to the Registration Statement.[3]

3.      The Recognized Loss under the Exchange Act will be calculated as set forth below in "Calculation of Recognized Loss Per Share Under the Exchange Act." The Recognized Loss under the Securities Act will be calculated as set forth below in "Calculation of Recognized Loss Per Share Under the Securities Act." For shares of GigaCloud Stock eligible for a recovery under both the Securities Act and the Exchange Act, the Recognized Loss shall be the greater of: (i) the Recognized Loss under the Securities Act; or (ii) the Recognized Loss under the Exchange Act.

4.      The calculation of Recognized Loss will depend upon several factors, including when and in what amounts GigaCloud Stock was purchased or otherwise acquired, whether those shares were sold, and if sold, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered at trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will make its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

5.      With respect to Securities Act claims, the Recognized Loss will generally be calculated in accordance with the statutory measure of damages. For shares sold before the Securities Act claims were first alleged in this Action, the Recognized Loss is the difference between the purchase price (not to exceed the IPO offering price of $12.25) and the sale price. For shares held or sold on or after the date the claims were first alleged, the Recognized Loss is the difference between the purchase price (not to exceed $12.25) and the value of the stock at the time the claims were first alleged.

6.      With respect to Exchange Act claims, Co-Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which artificially inflated the price of GigaCloud Stock. Co-Lead Plaintiffs further allege that corrective disclosures removed the artificial inflation from the stock price on September 28, 2023 and May 22, 2024 (the "Corrective Disclosure Dates"). The estimated alleged artificial inflation during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation is based on the misrepresentations alleged by Co-Lead Plaintiffs and the decline in the price of the stock, net of market- and industry-wide factors, on the Corrective Disclosure Dates.  In order to have recoverable damages under the Exchange Act, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of GigaCloud Stock.  Accordingly, if GigaCloud Stock was sold before September 28, 2023 (the earliest Corrective Disclosure Date), the Recognized Loss for those shares is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if GigaCloud Stock was both purchased and sold between the Corrective Disclosure Dates, the Recognized Loss for those shares is $0.00.

---

[2] GigaCloud's Class A common stock was listed on the NASDAQ Global Market and began trading under the ticker symbol "GCT" on August 18, 2022. The Company's IPO consisted of 3,381,000 shares of Class A common stock, priced at $12.25 per share.

[3] February 14, 2023 was the end of the 180-day lockup period following the Company's IPO.

10

| Table 1<br>Artificial Inflation in GigaCloud Stock<br>Under the Exchange Act | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| August 18, 2022 | September 27, 2023 | $3.41 |
| September 28, 2023[4] | May 21, 2024 | $1.60 |
| May 22, 2024 | Thereafter | $0.00 |

7. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for GigaCloud Stock under the Exchange Act. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares of GigaCloud Stock purchased or acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for GigaCloud Stock and the average price of GigaCloud Stock during the 90-Day Lookback Period. The Recognized Loss on GigaCloud Stock purchased or acquired during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for GigaCloud Stock and the rolling average price of GigaCloud Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

8. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in GigaCloud Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share Under the Exchange Act**

9. For each share of GigaCloud Stock purchased or otherwise acquired during the Class Period (i.e., August 18, 2022 through May 22, 2024, inclusive), the Recognized Loss per share under the Exchange Act shall be calculated as follows:

I. For each share of GigaCloud Stock purchased/acquired during the period August 18, 2022 through May 21, 2024, inclusive,

 i. that was sold prior to September 28, 2023, at 9:51 a.m. ET, the Recognized Loss is $0.

 ii. that was sold during the period September 28, 2023, at 9:51 a.m. ET, through May 21, 2024, inclusive, the Recognized Loss is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale.

 iii. that was sold during the period May 22, 2024 through August 19, 2024, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

  a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase/acquisition price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

 iv. that was still held as of the close of trading on August 19, 2024, the Recognized Loss is *the lesser of*:

  a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase/acquisition price *minus* the average closing price for GigaCloud Stock during the 90-Day Lookback Period, which is $29.01.

II. For each share that was purchased/acquired on or after May 22, 2024, the Recognized Loss is $0.00.

---

[4] The alleged disclosure of information which allegedly corrected a misleading statement or omission on September 28, 2023, occurred at approximately 9:51 a.m. ET. Purchases and sales of GigaCloud Stock on September 28, 2023 at a price at or above $8.96 shall be considered to have occurred prior to the alleged corrective disclosure that day, at $3.41 per-share price inflation. Purchases and sales of GigaCloud Stock on September 28, 2023 at a price below $8.96 shall be considered to have occurred after the alleged corrective disclosure that day, at $1.60 per-share price inflation.