**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS** |

Co-Lead Plaintiffs Sashi Rajan ("Rajan") and Meir Spear ("Spear", and collectively with Rajan, "Co-Lead Plaintiffs" or "Plaintiffs"), individually and on behalf of the Settlement Class, respectfully submit this reply memorandum of law in support of the (1) Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") (ECF No. 141) and (2) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards To Plaintiffs (the "Fee Motion") (ECF No. 143) (together, the "Motions").

## I.   PRELIMINARY STATEMENT

Plaintiffs respectfully request that the Court grant the pending Motions, which are not opposed by Defendants or by any member of the Settlement Class. The Settlement, if approved, will result in a cash payment of $2.75 million to Settlement Class Members. This will provide the Settlement Class with a substantial, immediate, and guaranteed recovery that eliminates future risks of litigation.

Co-Lead Plaintiffs' opening papers in support of the Motions show that the Settlement should be approved and the requested attorneys' fees, expenses, and awards to Co-Lead Plaintiffs

1

should be granted. *See* ECF Nos. 141-146.

The deadline for Settlement Class Members to object to the Settlement, the Plan of Allocation, or the requests for attorneys' fees, reimbursement of Litigation Expenses, and awards to Co-Lead Plaintiffs, or to request exclusion from the Settlement Class, was September 18, 2025. No members of the Settlement Class have objected or requested exclusion from the Settlement Class. The lack of any objections or requests for exclusion strongly indicates that the Settlement Class is in favor of the Settlement, which weighs heavily in favor of granting final approval to the Settlement and granting the requested fees, expenses, and awards.

## II.    NO SETTLEMENT CLASS MEMBERS HAVE OBJECTED TO THE SETTLEMENT OR REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS

"The reaction of the Class to the Settlement is a significant factor in assessing its fairness and adequacy, and the absence of objections may itself be taken as evidencing the fairness of a settlement." *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *5 (S.D.N.Y. May 9, 2014); *see also In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012). In accordance with the Court's Order Granting Preliminary Approval (the "Preliminary Approval Order") (ECF No. 139), Plaintiffs—through the Claims Administrator, Strategic Claims Services ("SCS")—disseminated notice of the Settlement to 147,643 potential Settlement Class Members or nominees. *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supplemental Craig Declaration" or "Supp. Craig Decl.") ¶5, filed herewith; *see also* Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received

to Date ("Craig Declaration" or "Craig Decl.") (ECF No. 146-1) ¶7.[1] In addition, the Claims Administrator published the Summary Notice once in *Investor's Business Daily* and once electronically nationally over *GlobeNewswire* on July 21, 2025, established the Settlement Website on July 7, 2025, and established a toll-free telephone number for Settlement Class Members to call with questions. *See* Craig Decl. ¶¶10-11 and Ex. D (proof of publication of Summary Notice).

Settlement Class Members were notified that the deadline to object to the Settlement or to request exclusion from the Settlement Class was September 18, 2025. Craig Decl. Ex. A (Notice) at 2; Ex. C (Postcard Notice) at 2; and Ex. D (Summary Notice) at 2 and 5. In addition, Settlement Class Members were notified that Co-Lead Counsel would seek an award of attorneys' fees of no more than 33.4% of the Settlement Fund, or $918,500 plus interest, reimbursement of Litigation Expenses of no more than $130,000, and awards to Co-Lead Plaintiffs of no more than $15,000 in total. Craig Decl. Ex. A at 2,7-8; Ex. C at 2; and Ex. D at 2 and 5.

To date—two weeks after the deadline—not a single member of the Settlement Class has objected to the Settlement or requested exclusion from the Settlement Class. Supp. Craig Decl. at ¶¶9, 10. This response from the Settlement Class is strong evidence of the fairness, reasonableness, and adequacy of the Settlement. *See, e.g.*, *Rodriquez v. It's Just Lunch Int'l*, 2020 WL 1030983, at *4–5 (S.D.N.Y. Mar. 2, 2020); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (collecting cases); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004).

---

[1] The Supplemental Craig Declaration provides an update concerning dissemination of notice to Settlement Class Members and, together with the previously-filed initial Craig Declaration (including the exhibits thereto), provides proof of mailing of the Postcard Notice as required by the Preliminary Approval Order (ECF No. 139 ¶10).

Further, that there were no objections to the proposed fee request, expense reimbursement request, or compensatory awards to Plaintiffs, strongly favors granting those requests. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *Rodriquez*, 2020 WL 1030983, at \*11 (awarding the requested 31.5% in attorneys' fees even though there were two objections, noting that "the relatively low number of objections weighs in favor of approving the attorneys' requested fees as reasonable"). "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement . . . ." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001).[2]

### III.    CONCLUSION

For the reasons set forth above and in Co-Lead Plaintiffs' opening papers in support of the Final Approval Motion and the Fee Motion, Co-Lead Plaintiffs respectfully request that the Court enter an Order granting the relief requested by both Motions. Filed herewith is a proposed Final Judgment, in the form previously attached as Exhibit B to the Stipulation (ECF No. 137 at 94-107) modified as appropriate, including to reflect the absence of any objections or requests for exclusion and to grant the requested attorneys' fees in the amount of 33.4% of the Settlement Fund, or $918,500 plus interest, reimbursement of Litigation Expenses in the amount of $101,195.16, and

---

[2] The deadline for Settlement Class Members to submit claims is October 6, 2025. At the Settlement Hearing, Co-Lead Counsel will be prepared to report the number of claims received, though such claims must undergo an audit process to determine their validity.

awards to Co-Lead Plaintiffs Sashi Rajan and Meir Spear in the amount of $7,500 each, or $15,000 in total.

DATED: October 2, 2025                Respectfully submitted,

/s/ *Brian B. Alexander*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
philkim@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Co-Lead Plaintiff Meir Spear and Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Meir Spear*

**POMERANTZ LLP**
Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

5

*Counsel for Co-Lead Plaintiff Sashi Rajan and Co-Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy
1100 Glendon Ave, 14th Floor
Los Angeles, California 90024
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Co-Lead Plaintiff Sashi Rajan*