UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION | No. 1:23-cv-10645-JMF |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS:**

A. As of June 16, 2025, Co-Lead Plaintiffs Sashi Rajan ("Rajan") and Meir Spear ("Spear", and collectively with Rajan, "Co-Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and GigaCloud Technology Inc ("GigaCloud" or the "Company"), Larry Lei Wu ("Wu"), Xin Wan ("Wan"), Kwok Hei David Lau ("Lau"), Zhiwu Chen ("Chen"), Thomas Liu ("Liu"), and Aegis Capital Corp. ("Aegis") (collectively, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered June 20, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 9, 2025, at 3:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for

in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Postcard Notice, substantially in the forms attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form") be posted on the Settlement website, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and once over a national newswire service within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by September 18, 2025;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On September 4, 2025, Co-Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on October 9, 2025, at which time all interested Persons were afforded the opportunity to be heard; and

2

G.      This Court has duly considered Co-Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 16, 2025; and (ii) the Notice, which was filed with the Court on September 4, 2025. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including all Settlement Class Members.

3.      **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired GigaCloud Stock during the period from August 18, 2022 to May 22, 2024, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of GigaCloud and members of their Immediate Families; (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) GigaCloud's employee retirement and benefit plan(s); and (vi) the legal

representatives, heirs, estates, agents, successors, or assigns of any such excluded person or entity in (i)-(v).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Rajan and Spear as Class Representatives for the Settlement Class; and finally appoints the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.

5. **Notice**. The Court finds that the dissemination of the Notice, Summary Notice, Postcard Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **Objections**. There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that

in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Second Amended Class Action Complaint (the "Second Amended Complaint"), filed on June 28, 2024, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases**. The releases set forth in Paragraphs 4 and 5 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly

incorporated herein in all respects. Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.

11.     Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, each of the Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.     Notwithstanding Paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect**. The terms of the Stipulation and this Judgment shall be forever binding on Settling Defendants, Co-Lead Plaintiffs, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14. **No Admissions**. This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Co-Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Co-Lead

7

Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Co-Lead Plaintiffs, or the other members of the Settlement Class;

    (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    (d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Co-Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Co-Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

  15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

  16. **Modification of the Stipulation**. Without further approval from the Court, Co-Lead Plaintiffs and Settling Defendants are hereby authorized to agree to and adopt such

8

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

### Approval of the Plan of Allocation

17. Copies of the Postcard Notice, which directed recipients to the Notice, which included the proposed Plan of Allocation, were mailed to more than 147,000 potential Settlement Class Members and nominees. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice was directed to Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the proposed Plan of Allocation, and of their right to object thereto, and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Plan of Allocation. There were no objections to the Plan of Allocation.

18. The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of claimants and distribution of the Net Settlement Fund, which was set forth in the Notice disseminated to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among eligible Settlement Class Members. The Court hereby approves the Plan of Allocation.

19. The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

**Co-Lead Counsel's Fee and Expense Application**

20.     Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

21.     There were no objections to the application for attorneys' fees or expenses.

22.     Co-Lead Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $918,500, ~~plus interest at the same rate earned by the Settlement Fund,~~ and $ 101,195.16 in payment of Litigation Expenses~~, plus accrued interest~~, which sums the Court finds to be fair and reasonable. The award of attorneys' fees and Litigation Expenses may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

23.     In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has found that:

(a)     The Settlement has created a common fund of $2,750,000 in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Co-Lead Plaintiffs, who oversaw the prosecution and resolution of the Action;

(c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' Counsel have devoted 1,666.99 hours, with a lodestar value of $1,743,054.60, to achieve the Settlement;

(g) The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards made within this District; and

(h) Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation.

24. Co-Lead Plaintiff Sashi Rajan is hereby awarded $7,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

25. Co-Lead Plaintiff Meir Spear is hereby awarded $7,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

Case 1:23-cv-10645-JMF   Document 149   Filed 10/10/25   Page 12 of 12

26. The Court's approval of the Fee and Expense Application is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

27. The Parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

28. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

29. **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with Paragraph 48 of the Stipulation.

30. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

31. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED this 9th day of October, 2025.

_____
Jesse M. Furman
UNITED STATES DISTRICT JUDGE

12