UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION** | **No. 1:23-cv-10645-JMF** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

**~~[PROPOSED]~~ ORDER GRANTING MOTION**
**FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

WHEREAS, Co-Lead Plaintiffs and Class Representatives Sashi Rajan and Meir Spear (collectively, "Co-Lead Plaintiffs" or "Plaintiffs") moved this Court for an order approving distribution of the Net Settlement Fund ("Motion"), and having reviewed and considered the materials and arguments submitted in support of the Motion, IT IS HEREBY ORDERED that:

1. The Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, in accepting and rejecting Claim Forms ("Claims").[1]

2. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration" or "Bravata Decl."), at the direction of Pomerantz LLP and The Rosen Law Firm, P.A. ("Co-Lead Counsel" or "Class Counsel"). The Net Settlement Fund shall be distributed pursuant to the Stipulation and the Plan

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated June 16, 2025 (ECF No. 137, the "Stipulation").

of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action (ECF Nos. 146-1 at 16-17 of 17, 146-2 at 2-4 of 18), pursuant to this Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (ECF No. 139 (the "Preliminary Approval Order")).

3. SCS's administrative determinations rejecting the inadequate and ineligible Claims, set forth in Exhibits D and E to the Bravata Declaration, are approved. Such Claims may not receive distributions from the Settlement Fund.

4. Any Claims received after received after May 11, 2026 and any responses to inadequacy and/or ineligibility notices received after May 21, 2026 are hereby rejected as untimely.

5. All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks, or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least

$10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to Howard University Law School Investor Justice and Education Clinic or any of its not-for-profit successors. That said, Plaintiffs shall seek and obtain the leave of Court before making any distribution pursuant to this paragraph.

8. SCS is hereby ordered to discard paper or hard copies of Claim Forms and supporting documents not less than one (1) year after the distribution of the Net Settlement Fund, and electronic copies of the same not less than one (1) year after all funds have been distributed.

9. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: September 14, 2026

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate ECF No. 150.